PATRY, Respondent, vs. THE CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

*May 9 — May 24, 1892.*

*Railroads: Carriers: Ejection of passenger having ticket on another road: Evidence: Special verdict: Instructions to jury: Contributory negligence and negligence aggravating injury.*

1. Where plaintiff, having a ticket over another road, showed it to the conductor or a brakeman of defendant's train, and he helped her upon the train, the conductor was not justified in putting her off

Patry vs. The Chicago, St. Paul, Minneapolis & Omaha R. Co.

the train at a station which was not a reasonably safe and convenient point from which she could most expeditiously reach a train on the proper road.

2. Plaintiff's testimony that she had her ticket in her hand when she boarded the train, and showed it to a man in attendance on the train, who had blue clothes on and a cap with something written on it, who helped her and her children upon the train, is *held* sufficient to sustain a finding that she showed her ticket to the conductor or a brakeman.

3. A simple affirmative answer to an alternative question in the special verdict, " Did the plaintiff show her ticket to the brakeman or conductor of defendant's train?" etc., is *held* sufficient, the act of either being equally the act of the company.

4. A hypothetical question as to the cause of plaintiff's illness after her expulsion from the train stated her age as thirty-three years, when in fact she was but twenty-nine.  *Held,* that the difference was not material.

5. A medical witness was asked to give an opinion, to be based partly upon certain testimony which he had heard.  *Held,* that the question required him to assume that such testimony was true, and its allowance was not error.

6. Plaintiff's failure to take ordinary care of herself after her expulsion from the train, thus aggravating her injury, is not contributory negligence which would entirely defeat a recovery.

7. Instructions to the jury, defining negligence as " failure to exercise that degree of care which persons ordinarily exercise under like circumstances," and ordinary care as " such care and prudence as may reasonably be expected of a woman of the age plaintiff was, under the circumstances in which she was placed," are *held,* though somewhat meager, not to be erroneous, in the absence of any request to make them more full.

8. An affirmative answer to the question, " Was negligence on the part of defendant's servants the proximate cause?" etc., is *held* equivalent to a finding of want of ordinary care, the jury having been instructed that the negligence spoken of in the question meant a want of ordinary care.

APPEAL from the Circuit Court for *Chippewa* County. The action is brought to recover damages for the alleged wrongful ejection of plaintiff from defendant's passenger train at a flag station on its road called " Badger Mills," about half way between Eau Claire and Chippewa Falls,

November 14, 1885.   The plaintiff could not speak or read English.   She boarded defendant's train at Eau Claire.   She had a ticket issued by the Wisconsin Central Railroad, entitling her to passage from Eau Claire to a station called "Boyd," but by mistake evidently boarded a train on the defendant's road.   She testified that she had her ticket in her hand when she boarded the train, and showed it to a man.in attendance on the train, who had blue clothes on and a cap with something written on it, who helped her and her children upon the train.   The conductor denied having seen the plaintiff before he found her on the train, and no brakeman was sworn.   The plaintiff, with her children, was put off at Badger Mills, at which place the two roads are within a few feet of each other.   No one was in attendance at either station, nor was there any fire, it being a flag station for both roads.   There was but one dwelling house in the vicinity, and that was closed at the time.   The day was cold, and plaintiff suffered from the cold, and claims that her health has been permanently injured.   After waiting some time, she succeeded, with the aid of a gentleman who came to the station, in flagging a train on the Central road.

The case was once tried, and has been in this court upon appeal of the defendant from a judgment against it for $5,000.   It is reported in 77 Wis. 218.   The judgment was there reversed because the jury were allowed to assess exemplary damages, which this court held were not warranted by the circumstances of the case.   The facts of the case are so fully stated in the former report that it is not deemed necessary to make a further detailed statement here.   The only very material difference is that the brakeman, who was a witness on the former trial, was not sworn on the present trial.

The jury rendered a special verdict, as follows: " (1) Did plaintiff show her ticket to the brakeman or conductor of

defendant's train, and thereupon, by direction and with the assistance of such brakeman or conductor, board such train? *Answer.* Yes. (2) Did the conductor ask plaintiff for her fare, and put her off the train upon her refusal or neglect to pay the same? *A.* Yes. (3) Was Badger Mills a reasonably safe and convenient place from which the plaintiff could most expeditiously reach a train on the Central road? *A.* No. (4) Was plaintiff injured by being put off defendant's train at Badger Mills? *A.* Yes. (5) If to the fourth question you say, 'Yes,' was negligence on the part of the defendant's servants the proximate cause of such injury? *A.* Yes. (6) If to the fifth question you say, 'Yes,' was such injury one that would reasonably have been anticipated might probably result from such negligence, by a person in the exercise of ordinary care and prudence, circumstanced as the conductor of defendant's train was at the time he put plaintiff off such train? *A.* Yes. (7) If to the fifth question you say, 'Yes,' what sum will compensate the plaintiff for such injury? *A.* Four thousand dollars." Judgment was rendered on the verdict for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Jas. H. Howe, S. L. Perrin,* and *L. J. Rusk,* attorneys, and *R. J. MacBride,* of counsel, and the cause was argued orally by *Mr. Mac-Bride.* They contended, *inter alia,* that there was no evidence to justify the submission of the first question to the jury. As to who is a passenger, see *Penn. R. Co. v. Price,* 96 Pa. St. 267; *Gardner v. N. H. & N. Co.* 51 Conn. 148. And see, especially, *Peabody v. O. R. & N. Co.* 12 L. R. A. 823, 21 Oreg. 121. It was error to permit the hypothetical question answered by Dr. Fortier. The question neither stated the facts as the basis for his opinion, nor did it require him to assume the testimony referred to in the question, and on which his opinion was asked, to be true. *Bennett v. State,* 57 Wis. 69, 84; *Luning v. State,* 2 Pin. 215,

220; *Quinn v. Higgins*, 63 Wis. 664; *Kreuziger v. C. & N. W. R. Co.* 73 id. 158, 163; *Heald v. Thing*, 45 Me. 392; *People v. McElvaine*, 121 N. Y. 250; *Gregory v. N. Y., L. E. & W. R. Co.* 28 N. Y. St. Rep. 726; *Jones v. C., St. P., M. & O. R. Co.* 43 Minn. 279; *Comm. v. Rogers*, 7 Met. 500, 505. The question was also incompetent because it was in part an opinion founded upon an opinion. Thompson, Trials, sec. 603; *Walker v. Fields*, 28 Ga. 237. The verdict is defective on account of the first question being in the alternative, and the answer to that question is vague and meaningless. *Carroll v. Bohan*, 43 Wis. 218; *Murray v. Abbot*, 61 id. 198; *Jewell v. C., St. P. & M. R. Co.* 54 id. 617; *Sherman v. Menominee R. L. Co.* 77 id. 14. The answer to the fifth question is not equivalent to a finding that defendant's servants did not exercise ordinary care. *Krueger v. Bronson*, 45 Wis. 198.

For the respondent there was a brief *J. A. Anderson* and *W. M. Bowe*, and oral argument by *Mr. Bowe*. They argued, among other things, that it is immaterial whether plaintiff was a passenger within the strict legal meaning of the word or not. A person on the wrong train through the invitation or negligence of the company's servant is entitled to the same care as a passenger, and has the right to be returned, free of charge, to the place of starting, or taken to some other safe and convenient place where he can most safely and quickly reach the proper train. Hutchinson, Carriers, sec. 555a, citing *Patry v. C., St. P., M. & O. R. Co.* 77 Wis. 218; *Int. & G. N. R. Co. v. Gilbert*, 64 Tex. 536; *Int. & G. N. R. Co. v. Smith*, 27 Am. & Eng. R. Cas. 148. Plaintiff cannot recover compensation for any damage she might have avoided by the use of ordinary care after becoming aware of the injury of which she complains, but she can recover for any other damage; and the utmost result of such negligence on her part would be to reduce her recovery to a nominal sum. Shearm. & Redf. Neg. sec.

95; Beach, Contrib. Neg. 35; *Pass. R. Co. v. Boudrou,* 9ᶜ. Pa. St. 475; 4 Am. & Eng. Ency. of Law, 31.

WINSLOW, J. In the opinion of this court upon the former appeal in this case it was said (*Patry v. C., St. P., M. & O. R. Co.* 77 Wis. 218): "If the plaintiff showed the. brakeman her ticket, the conductor was not justified in putting her off the train at Badger Mills, unless that was a reasonably safe and convenient point from which she could most expeditiously reach a train on the Central road." This principle must, of course, be considered as settled in this case, and it must control unless the testimony upon this trial is materially different from that given upon the former trial in some essential particular. The appellant claims there is such a difference in the testimony, arising from the fact that the brakeman was not sworn upon this trial. We are unable to see that the absence of the brakeman's testimony renders the above-quoted legal proposition inapplicable. If there was still testimony in the case from which the jury could be justified in finding that the plaintiff showed her ticket to the brakeman, there would seem to be no doubt of the applicability of the proposition. We deem the plaintiff's testimony sufficient whereon to base a finding that she showed her ticket to the conductor or a brakeman. As this testimony is detailed in the foregoing statement of facts, it is not necessary to repeat it here. It necessarily follows that a nonsuit could not properly have been granted.

Two physicians were sworn as experts, upon the trial, as to the plaintiff's physical condition in 1887, 1888, and 1889, and as to the probable cause of her difficulties and the probability of their being permanent. One of the physicians, Dr. Leterneau, had examined her several times, beginning in 1887; and the other, Dr. Fortier, had examined her just before the trial only. An hypothetical question

was asked Dr. Leterneau as to the cause of plaintiff's sickness, which assumed to state the facts of the plaintiff's experience at the time of and immediately after her expulsion from the defendant's train. The witness was allowed to answer the question, against defendant's objection that it did not correctly state the facts. We have examined the question and the evidence, and we think it clear that there was evidence tending to establish all the facts assumed by the question, save upon one point, and that is the age of the plaintiff. Her age was stated in the question as thirty-three years, when in fact she was twenty-nine. We do not regard this difference as essential. We cannot suppose that any different rule would apply to a woman of thirty-three years than to a woman of twenty-nine, other things being equal.

Dr. Fortier testified that he heard the testimony of Dr. Leterneau, and was asked the following question, which he answered against objection: " Doctor, basing your opinion on the examination you made of the plaintiff and on the testimony of Dr. Leterneau, which you swear you heard, in your opinion are the injuries from which the plaintiff is now suffering permanent or not? " This is claimed to be error, because the question does not require the witness to assume Dr. Leterneau's testimony to be true. It seems to us that the only reasonable interpretation of the question is that the witness is to assume the testimony of Dr. Leterneau to be true. He is to *base* his opinion partially upon that testimony. It is difficult to conceive how he could base an opinion upon testimony which was not assumed to be true, or, in other words, upon testimony which was assumed to be false. With this construction the question seems to be within the rule laid down in *Wright v. Hardy*, 22 Wis. 348.

It is said that the question of plaintiff's contributory negligence should have been submitted to the jury. We

do not see where there was any such question to submit. Although the plaintiff boarded the train by mistake, and had no ticket, the company still owed her a positive duty as to the place and manner of her expulsion, which they could not escape. If she aggravated her injury after the expulsion, by failing to take ordinary care of herself, she could not, of course, recover for such sufferings so caused, and so the court charged the jury. This would not be contributory negligence, but negligence subsequent to the injury, tending to increase the damage.

It is said the first question and answer in the special verdict are defective, because the question is in the alternative and the answer uncertain in not stating whether it was the conductor or brakeman to whom the plaintiff showed her ticket. This objection cannot prevail. The simple question was whether she showed her ticket to a train employee whose business it was to assist passengers in the journey, and it made no difference to defendant whether it was the conductor or brakeman. The act of either was equally the act of the defendant.

Criticism is made of the definitions of "negligence" and of "ordinary care" which the court gave the jury. "Negligence" was defined as "failure to exercise that degree of care which persons ordinarily exercise under like circumstances." "Ordinary care" was defined as "such care and prudence as may reasonably be expected of a woman of the age plaintiff was, under the circumstances in which she was placed." The definitions are somewhat meager, perhaps, but they seem to fairly express the generally accepted legal meaning of the terms, and in the absence of a request to make them any more full are certainly not erroneous.

The fifth question of the special verdict is, "Was negligence on the part of the defendant's servants the proximate cause," etc.? Appellant contends that an affirmative answer to this question is not equivalent to a finding of

want of ordinary care. This is true, but the court instructed the jury that the negligence spoken of in the question meant a want of ordinary care, so that in the light of this instruction an affirmative answer to the question should be held to mean a lack of ordinary care.

It is said that the verdict is excessive. We cannot say so from the evidence.

We find no error in the record.

*By the Court.*— Judgment affirmed.