THE JOSEPH SCHLITZ BREWING COMPANY v. HOWARD
DUNCAN, *a minor.*

No. 293.

1. JUDICIAL NOTICE—*court will take, of beginning of terms of
   district courts; and record showing motion for new trial
   filed three days after judgment and overruled before begin-
   ning of next term, shows motion filed during same term
   judgment rendered.* This court will take judicial notice of the
   beginning of the terms of the courts of this State; and where it
   appears from the record that a motion for a new trial was filed
   within three days after the verdict was returned and judgment
   rendered, and that such motion was afterwards overruled by the
   court before the time fixed by law for the commencement of the
   next term thereof, it does affirmatively appear that the motion
   was filed during the same term that the judgment was rendered.

2. PERSONAL INJURY—*damages for, modified by probability of
   cure by surgical operation.* Where the petition alleges, and
   the evidence tended to show, that the plaintiff, by reason of the
   injuries received, would be a cripple for life, and the doctor who
   waited upon him, and by whom the permanency of the injury
   was attempted to be proved, upon cross-examination testified
   that the injury could probably be entirely cured by an operation,
   it was reversible error to withdraw such testimony from the jury
   over the objection of the plaintiff in error.

3. —————— *instruction that to exonerate defendant, must have
   resulted from inevitable accident and wholly without de-
   fendant's fault, erroneous.* In an action for damages for neg-
   ligently injuring another, the giving of the following instruction
   was reversible error: "If you find that the plaintiff was injured
   by the negligence of the defendant, without plaintiff's fault, tak-
   ing into consideration his age and apparent knowledge, it is no
   defense that the act occurred through inadvertence, or without
   the defendant, its officers, servants, or employees, intending it. In
   such a case, in order to exonerate the defendant, it must appear
   that such was inevitable, and utterly without fault on the part of
   the defendant."

Error from Wyandotte Court of Common Pleas.
Hon. T. P. Anderson, Judge. Opinion filed Decem-
ber 18, 1897. *Reversed.*

*McGrew, Watson & Watson*, for plaintiff in error.

*E. A. Enright*, for defendant in error.

WELLS, J.  This action was originally brought in the Court of Common Pleas of Wyandotte County by the defendant in error, against the plaintiff in error, to recover damages alleged to have been sustained by the plaintiff below by being run over by the wagon of the defendant.  The case was tried to the court and a jury, and the jury returned a general verdict for the plaintiff for one thousand dollars, and also answered special questions of fact submitted to them on behalf of the defendant.  This verdict was approved by the court, judgment rendered accordingly, and the case regularly brought here for review.

It is first insisted by the defendant in error that this court should not review the alleged errors, because the record does not affirmatively show that the motion for a new trial was filed during the same term of court at which the verdict was returned and judgment rendered thereon.  The record shows that the verdict was returned on March 14, 1894, and judgment rendered thereon the same day.  The motion for a new trial was filed the next day, March 15, 1894, and overruled April 7, 1894.  It was held in this court in *Dudley v. Barney* (4 Kan. App. 122), that this court will take judicial notice of the commencement of the terms of court, but cannot take judicial notice of the length of the term.  This court will, then, take judicial notice that the terms of the court below commence on the first Monday of February, the first Monday of May, the first Monday of September, and the first Monday of November ; and as the record shows

1. Judicial notice taken of beginning of district court terms.

180　　　　BREWING CO. v. DUNCAN.

N. Dept. ．　　　　Opinion. Wells, J.　　　　6 Kan. App.

that the court was in session on April 7, 1894, we must conclude as a matter of fact that the February term thereof was not closed at that time, as the next term did not commence until the first Monday of May.

Defendant in error next insists that the alleged errors should not be reviewed by this court because the plaintiff in error has failed to comply with rule six of this court, in that his brief fails to contain "a concise abstract or statement of the case, presenting succinctly the questions involved," and fails to contain a "clear statement of the points of law or fact to be discussed, with references to the pages of the record, and the authorities relied upon in support of each point." This rule seems to be a stumbling-block in the way of many attorneys practicing in the Appellate Courts of Kansas. It was not adopted for any other purpose than to assist in expeditiously, accurately and thoroughly reviewing the cases demanding attention. It would seem that each attorney, upon carefully thinking of the matter, would see that the more plainly and succinctly the real question or questions in controversy can be presented to the reviewing court, with everything carefully eliminated that will not throw light upon those questions, the more easily and accurately will they be decided. In the press of business during the trial, or the hurried preparation of a case for settlement, this is often impossible ; but in preparing the brief it generally can, and should, be attended to, so that the reviewing court can see at once the questions at issue, and devote its time and energies to solving them instead of hunting them up ; and if the plaintiff in error fails to observe the rule, he need not be surprised, or complain, if the court fails to review or discuss questions not clearly raised or upon which no authorities are cited, or errors not spe-

cifically pointed out. The attorneys for the plaintiff in error in this case are not as much subject to criticism in this respect as many attorneys who practice in this court, and we shall consider the grounds of error, as far as appears to be necessary, in the order as set up in their brief.

It is first complained that the father of the boy, being asked, "What is the appearance of that leg since the time of the accident?" answered, "Well it is just as he walks, as I said. He walks on his toes; he can't get his heel to the floor." This answer was not responsive to the question, and the court might have properly stricken it out; but how was the defendant injured by it? No new fact was testified to, and no injury could result from its remaining. This applies also to the next question objected to.

The next allegation of error is as to sustaining an objection to the following question asked of the father upon cross-examination: "Did you ever tell Howard not to play in the street?" This objection was properly sustained. In cases like this the negligence of the parent cannot affect the rights of the infant, and whether the child had been cautioned not to play on the streets, or not, is immaterial. The evidence shows that the boy was sent across the street for a hammer, and while crossing it the accident occurred. If he stopped to play, as claimed by the defendant, it must have been for a very short time.

The next allegation of error is in relation to questions asked Doctor Powell as to the effect of a too early use of the leg, which were objected to by the plaintiff and the objections sustained. This was proper as that was not an issue in the case.

The next allegation of error is that the court withdrew from the jury all evidence as to the probable

182    · BREWING CO. V. DUNCAN.

N. Dept.          Opinion.  Wells, J.          6 Kan. App.

2. Probability of cure by surgical operation, c m- petent.

result of a surgical operation. This we think was error, as the probabilities of a cure of the disability would to some extent affect the amount of damages. This should have been allowed to go to the jury and be weighed by them in assessing the amount of the recovery, as should also the probable expense attending such an operation. This is not in mitigation of damages, but is a proper method of showing the actual damages sustained. If the plaintiff could be certainly cured by an operation that was safe and inexpensive, the injury would surely be less serious than one for which there was no hope; and to the degree that the certainty, safety, and inexpensiveness of a cure could be assured, in such a degree would the actual damages decrease.

The next contention is that the court erred in allowing the witness, Mary Glassner, to testify that she had advised a settlement of the case. She was one of the principal witnesses for the defendant, and, upon cross-examination, the plaintiff asked her the question, ''I will ask you how many times you suggested to them [the Duncans] that they ought to settle the case?'' The court, over the objection of the defendant, allowed her to answer this. The only object we can see in asking the question was to show the interest the witness had taken in the case, adverse to the parties cross-examining her, and her bias and prejudice against their cause, and for this purpose its admission was proper. The objection to the next question was properly sustained, as the question could call only for the opinion of the witness.

The next line of objections to the acts of the court is in regard to the instructions given, modified, or refused. The first of these was simply an omission of the court to inform the jury that the petition had been

amended as to the date of the accident, to conform to the undisputed facts. This could not prejudice any one. The other gave the law correctly, and could not injure the plaintiff in error.

Instruction number twelve, as given by the court, reads : "If you find that the plaintiff was injured by negligence of the defendant, without plaintiff's fault, taking into consideration his age and apparent knowledge, it is no defense that the act occurred through inadvertence, or without the defendant, its officers, servants, or employees, intending it. In such a case, in order to exonerate the defendant, it must appear that such was inevitable, and utterly without fault on the part of the defendant." We think that this instruction was erroneous and misleading so far as the last sentence thereof is concerned,— "In such a case, in order to exonerate the defendant, it must appear that such was inevitable, and utterly without fault on the part of the defendant." The case to which reference is had in the first phrase must mean the case being tried, and not the case mentioned in the first part of the instruction, as that speaks of a case of negligence, and negligence cannot exist without fault. "Inevitable" means, "bound to happen" ; that which "cannot be avoided." The natural import of this instruction is, that, if under any possible circumstances, in the exercise of the greatest degree of care imaginable, the accident could have been avoided, then the defendant is liable. This is not the law.

3. Inevitability of injury not necessary to exonerate defendant.

The errors already discussed make a new trial necessary, and we shall not consider the remaining allegations of error. The judgment of the trial court will be reversed and a new trial ordered.