## J. P. LOBBAN, Respondent, v. WABASH RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. **MASTER AND SERVANT:** Negligence: Assumption of Risk: Jury Question. An employee in the machine shop of a railroad had his arm broken just above the hand, while operating a press drill. The drill was held in a revolving spindle or shaft by a key, which had been lost and an old file substituted, which stuck out three-fourths of an inch from the side of the shaft. A water faucet was about six inches from the drill and when it became heated the employee would reach over and turn on the water. He had been engaged at this work about two months and when hurt had turned on some water and in withdrawing his hand the end of the sleeve of his jacket was caught by the protruding file, jerking his hand around the spindle so as to break his arm. It was *held* that the railroad company was negligent and that whether the employee was guilty of contributory negligence or had assumed the risk, was a question for the jury.

2. ———: ———: Avoidable Consequences: Duty of Injured Person. Under the rule of avoidable consequences, it is the duty of one injured by the negligence of another to do all which is known to be reasonably necessary and reasonably within his power, to lessen the injury; and if he fails to do so he cannot have damage for that part of the injury resulting from such neglect.

3. ———: ———: ———: Advice of Physician: Duty to Follow. Where the physician of a person injured by the negligence of another, advises an operation in which it would be necessary to use an anesthetic, and the person refuses through fear of fatal results on account of the condition of his heart, and he is corroborated by another physician who examined him, an instruction which confined the jury's consideration to whether the first physician's advice was reasonably proper, was correctly modified so as to include a consideration of the other physician's opinion also.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*J. L. Minnis* and *Robertson & Robertson* for appellant.

(1) The plaintiff assumed the risk of injury in undertaking to operate the spindle. Wilkinson v. Andriano Bottling Co., 154 Mo. App. 563; Blair v. Heibel, 103 Mo. App. 621; Beymer v. Pkg. Co., 106 Mo. App. 726; Hollingsworth v. Biscuit Co., 114 Mo. App. 20; Cothron v. Pkg. Co., 98 Mo. App. 343; Coin v. Lounge Co., 222 Mo. 488; Bradley v. James H. Forbes Tea & Coffee Co., 111 S. W. 919; Rigsby v. Oil Well Supply Co., 115 Mo. App. 207; Brady v. Railroad, 206 Mo. 509; Bokamp v. Railroad, 123 Mo. App. 270. (2) The plaintiff's negligence was the cause of his injury. Wilkinson v. Andriano Bottling Co., supra; Hurt v. Railroad, 94 Mo. 255; Kelley v. Railroad, 101 Mo. 67; Hogan v. Railroad, 150 Mo. 36; Zumalt v. Railroad, 175 Mo. 288.

*M. J. Lilly* and *Phillips & Phillips* for respondent.

(1) Plaintiff does not assume risk arising from defective appliances which he does not know and appreciate, or unless the defects are so glaring and obvious that a reasonably prudent man would not use the appliances. Mack v. Railroad, 123 Mo. App. 531; Coin v. Lounge Co., 222 Mo. 505; Trent v. Printing Co., 141 Mo. App. 447; Yongue v. Railroad, 133 Mo. App. 141. (2) Plaintiff does not assume risks that arise from the negligence of the master. George v. Railroad, 225 Mo. 364; Schultz v. Railroad, 145 Mo. App. 262; Curtis v. McNair, 173 Mo. 270. (3) The use of a projecting key upon a revolving shaft is actionable negligence. Chopin v. Paper Co., 114 N. W. (Wis.) 95; Walker v. Simmons, 111 N. W. (Wis.) 694. (4) The servant does not assume the risk from a projecting screw. Little v. Bonsfield & Co., 117 N. W. (Mich.) 903; Swick v. Aetna Co., 111 N. W. (Mich.) 110. (5)

159 App.—30

Even though plaintiff knew of the danger, yet, if it be such that a person of ordinary prudence in the exercise of ordinary care might undertake it with reasonable expectation of safety, he is not to be charged with negligence.  Wiley v. Gas Co., 132 Mo. App. 387; Chamlee v. Planters Hotel Co., 155 Mo. App. 144; Dakan v. Mercantile Co., 197 Mo. 238; Bennett v. Lime Co., 146 Mo. App. 565.  (6)  The questions of negligence, contributory negligence and assumption of risk are all questions for the jury. Warren v. Railroad 113 Mo. App. 498; Huhn v. Railroad, 92 Mo. 440; Chopin v. Paper Co., 114 N. W. (Wis.) 95; Cotton Oil Co. v. Barnes, 134 S. W. (Tex.) 369.

ELLISON, J.—Plaintiff was an employee of defendant engaged in operating a drill.  He was injured by a revolving shaft which operated the drill, and brought this action for damages.  He worked for defendant about two months.  Before this, he had been a farmer, a merchant, and a postmaster.  He recovered judgment in the trial court.

The drill was fastened into an upright shaft by means of what was called a key.  Instead of using a proper metal key, defendant used an old file  which stuck out from the shaft three-fourths of an inch according to plaintiff's  evidence, though defendant's evidence tended to show that it stood out not so far as that.  The shaft revolved rapidly, and when the drill would become heated it was necessary to pour water upon it.  This was obtained from a faucet which was within five or six inches from the drill.  Plaintiff had been operating the drill for near two months, and at the time he was hurt he got water from the faucet, and in withdrawing his hand the end of his jacket sleeve was caught by the revolving and protruding file so used as a key, which had the effect of jerking his hand around the shaft or spindle and breaking both bones of his forearm.  There was evidence tending to show

that a proper key would have been flush with the spindle which could have been removed and inserted without injury to the spindle.

There was ample ground to sustain the finding of negligence on defendant's part in using such contrivance for a key with the water faucet only five or six inches away, and the only question is as to the contributory negligence of plaintiff or his assumption of risk. He testified that in reaching over to turn the faucet and withdrawing, it would bring his hand or wrist within, perhaps, two inches of the key. He stated that he did not realize the danger of it and did not think of his sleeve being caught. So we conclude that the trial court was right in refusing to declare, as a matter of law, that plaintiff was guilty of contributory negligence, or that he assumed the risk of injury. Those questions were properly for the jury to decide. The rules of law applicable thereto, so frequently stated by the Supreme Court, were given clear and practical application in the instructions requested by each of the parties. Plaintiff has cited Curtis v. McNair, 173 Mo. 270, Dakan v. Chase Mer. Co., 197 Mo. 238, Coin v. Lounge Co., 222 Mo. 488, and George v. Railroad, 225 Mo. 364, and these are only a few of a great number to the same effect. Though plaintiff saw that the key stuck out from the revolving spindle as much as three-fourths of an inch, yet if the danger therefrom was not so glaring as to preclude a man of ordinary prudence from continuing the work, and he thought he could do so safely, he was not guilty of contributory negligence.

The question of assumption of risk was properly submitted to the jury by plaintiff's instruction No. 3, under the rulings of the Supreme Court in a great number of cases. That is to say, that the risk assumed is only that which is incident to the employment. [Curtis v. McNair, supra, and the late case of George v. Railroad, supra.]

The instructions given for the defendant were fair to it and embodied every proper theory in defense of the action. Three of them were modified by interlineation of words by the court. The modifications in two of them properly made it necessary that plaintiff had knowledge of the danger before he should be held to have assumed the risk.

The modification of the third was occasioned by the following matters of evidence: That when plaintiff was hurt he was taken in charge by defendant's surgeon, with his own consent, and that some days after he was advised by the surgeon that he should be put under the influence of an anesthetic and have "his arm set." He refused. But there was evidence tending to show that he refused on account of the condition of his heart and that fatal consequences might result. A few weeks after he consulted another physician and the latter advised him that the condition of his heart was such that he should not be placed under the influence of an anesthetic.

In that state of the evidence, defendant offered an instruction to the effect that plaintiff was bound to use all means reasonably under his control and within his power, to effect a cure, and was therefore under obligation to resort to treatment advised by a competent physician in whose charge he had placed himself, if such treatment was reasonably proper, and that if a part of the ill results to plaintiff's arm was due to refusing to follow such advice, then no damage could be allowed for such part of the injury. It is doubtless true that, under the rule of avoidable consequences, one should use all reasonable means reasonably within his power to lessen the evil consequences of the negligent act of another. And if one's physician advises him to adopt a reasonable course of treatment, which, if followed, in the opinion of the jury would have lessened the injury, and such course could have been followed with reasonable safety, he ought not to re-

cover damages for that part of the resulting injury so aggravated. But if such person has reasonable ground to believe that such course of treatment would prove fatal to him, he may refuse to allow or follow it. In this case, as we have already said, plaintiff, on account of the condition of his heart, was afraid of fatal results if he submitted to an anesthetic. His opinion was corroborated by that of another physician with whom he consulted.

In view of the entire evidence on this part of the case the trial court modified defendant's instruction so that the jury in passing on the question should consider what plaintiff's condition was, in view of the opinion of both the physicians. The phraseology of the instruction is not the best, before or after modification, but the idea conveyed to the jury in the light of the evidence was better expressed in the modified form than in the original.

Referring to the objection stated to the court's permitting the testimony of witness Maupin, we have concluded that there was nothing in that, objected to, which could materially have affected the merits of the action. It was properly shown by him how the key in a drill press should fit or be placed, and that it should be flush with the spindle. He was not permitted to say whether using a file for a key, which stuck out from the spindle, was dangerous. And his statement that the machine in controversy was "defective in some respect," was stricken out. We are satisfied that nothing improperly stated by the witness could have affected the verdict, and it would be unfair and unjust to reverse the judgment on that account.

The act of defendant in maintaining a protruding key in the shape of an old file, was a species of inexcusable negligence, worse even than that so earnestly condemned by Judge Thompson in the 4th volume, section 492, of his work on Negligence. And whether plaintiff should be barred of recovery on account of his

own negligence or assumption of risk, was properly left to the jury.

A full examination of all other points made satisfies us that there is no proper cause to interfere, and the judgment will be affirmed.  All concur.