LESH, Appellant, vs. ILLINOIS STEEL COMPANY and another, Respondents.

*March 18—April 11, 1916.*

*Workmen's compensation: Continuing disability: When not "proximately caused by accident:" Refusal to submit to operation.*

Where an applicant under the Workmen's Compensation Act unreasonably refuses to undergo a safe and simple surgical operation which is fairly certain to result in a removal of the disability and is not attended with serious risk or pain and is such as an ordinarily prudent and courageous person would submit to for his own benefit and comfort if no question of compensation were involved, the disability which the claimant suffers thereafter, a reasonable time being allowed for recovery, is not proximately caused by the accident, but is the direct result of such unreasonable refusal; and he is not entitled to compensation therefor.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming an order of the *Industrial Commission.* The applicant, *Charles Lesh,* on March 22, 1913, sustained an injury to the left leg just above the ankle, which later developed into an ulcerous process. From the date of the injury to May 5th following he had been on and off duty, being treated meanwhile by the physician of the *Illinois Steel Company,* his employer. On the last named date it was claimed by the employer that he had fully recovered from the disability which resulted proximately from the injury, the company claiming that the ulcerous condition was tubercular and not the direct result of the injury. On July 5, 1913, the matter was before the *Industrial Commission* for hearing, and without a formal order of the *Commission* the company consented to follow its directions and provided the necessary surgical and medical treatment and continued compensation until April 20, 1914, at which time the applicant returned to work as a watchman and continued

to be so employed until November 20, 1914. On the last named date he was offered work of the kind he was doing when injured; but he refused to accept it and claims compensation since April 20, 1914, and for permanent disability. The contested question in the case was whether the disability from which the applicant was suffering at the time of the second hearing, March 3, 1915, was proximately caused by the accident or was the result of the applicant's refusal to submit to proper medical treatment. Upon the hearing three physicians and surgeons were sworn, as well as the applicant. The *Commission* made and filed the following findings of fact and dismissed the application:

"That on the 22d day of March, 1913, the applicant and the respondent were both subject to the provisions of ch. 50, Laws of Wisconsin for 1911; that on said date, while in the employ of the respondent company and while engaged in performing services growing out of and incidental to such employment, the applicant sustained an accident resulting in his personal injury; that such injury was proximately caused by the accident and was not the result of wilful misconduct; that as a result of such accident he was substantially totally disabled until April 20, 1914, and was paid full compensation for such disability; that such, if any, disability as he sustained after April 20, 1914, resulted directly from his own wilful refusal to submit himself to safe and simple medical treatment; that in so far as his accident is concerned he is able to do and perform the same work at which he was engaged at the time of the accident."

The applicant appealed to the circuit court for Dane county, which affirmed the award of the *Commission,* and applicant brings this appeal.

For the appellant there was a brief by *Aarons & Niven,* and oral argument by *C. L. Aarons.*

For the respondent *Illinois Steel Company* there was a brief by *Vroman Mason,* attorney, and *Knapp & Campbell* and *William Beye,* of counsel, and oral argument by *Mr. Mason.*

For the respondent *Industrial Commission of Wisconsin* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J. The award of the *Commission* is attacked upon two grounds: first, that the *Commission* acted in excess of its powers for the reason that there was no evidence before it sufficient to give it jurisdiction in the premises; and second, that the findings of fact made by the *Commission* do not support the order and award.

As to the first ground, we have no difficulty in deciding that the *Commission* did not exceed its powers, for the reason that there was abundant evidence not only to give it jurisdiction but to sustain its findings.

A consideration of the second ground, however, involves the question whether or not under the Workmen's Compensation Act a continuing disability due to the wilful refusal of the claimant to submit himself to safe and simple medical treatment is proximately caused by accident.

While not directly found by the *Commission,* it is undisputed that the disability from which the applicant was suffering at the time of the hearing and from which he had suffered since April 20, 1914, and which the *Commission* found would be relieved by a simple surgical operation, was due primarily to the accident complained of. It appears from the evidence, without dispute, that the applicant was operated upon in August, 1913, to relieve a condition of his leg resulting from the accident, and that prior to this operation he was supposed to be suffering from tubercular difficulty, but an application of the Wasserman test showed that he was syphilitic. The *Commission* in its memorandum decision says:

"Subsequent tests have disclosed a still more serious condition as the predisposing cause of the disability he was suffering in 1913, and while it does not change the legal rights of the applicant, it is a reason why he should be held to a strict

accountability for any failure to submit himself to safe and proper medical treatment to relieve his disability."

Subsequent to the operation a nodule developed near the scar, involving a superficial nerve, and it appears without question that the medical treatment referred to and necessary for the applicant's relief consists in a slight surgical operation to remove the nodule.

The provisions of the Workmen's Compensation Act under which the applicant claims are:

"Section 2394—3. Liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, in those cases where the following conditions of compensation concur:

"(1) Where, at the time of the accident, both the employer and employee are subject to the provisions of sections 2394—3 to 2394—31, inclusive.

"(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment.

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment.

"(3) Where the injury is proximately caused by accident, and is not intentionally self-inflicted."

From an early date this court has recognized and consistently applied the principle that an injured person cannot recover damages caused by such person's own negligence and imprudence after injury, and that where one has rendered the consequences of the wrongful act complained of more severe or injurious by some voluntary act which it was such person's duty to refrain from, or if by neglect the person has failed to exert himself reasonably to eliminate the injury and prevent the damages and has thereby suffered some additional injury, he cannot recover such damages as are to be attributed to such acts or omissions. *Weisenberg v. Appleton,* 26 Wis.

56; *Salladay v. Dodgeville,* 85 Wis. 318, 327, 55 N. W. 696; *Selleck v. Janesville,* 100 Wis. 157, 163, 75 N. W. 975; *Patry v. C., St. P., M. & O. R. Co.* 82 Wis. 408, 415, 52 N. W. 312; 1 Thomp. Comm. on Neg. § 202.

While the specific question as to whether or not one may recover for damages continued or due to his refusal to submit to a surgical operation has not been directly before this court, it has been considered by the courts of many other jurisdictions. See *Donovan v. New Orleans R. & L. Co.* (132 La. 239, 61 South. 216) 48 L. R. A. N. s. 109, and cases cited under head "Duty to submit to operation," p. 111; *Leitzell v. D., L. & W. R. Co.* 232 Pa. St. 475, 81 Atl. 543; *Martin v. Pittsburgh R. Co.* 238 Pa. St. 528, 86 Atl. 299; *Lobban v. Wabash R. Co.* 159 Mo. App. 464, 141 S. W. 440; *United R. & E. Co. v. Dean,* 117 Md. 686, 84 Atl. 75; *Tiggerman v. Butte,* 44 Mont. 138, 119 Pac. 477; *Joseph Schlitz B. Co. v. Duncan,* 6 Kan. App. 178, 51 Pac. 310; *Bailey v. Centerville,* 108 Iowa, 20, 78 N. W. 831; *O'Donnell v. Rhode Island Co.* 28 R. I. 245, 66 Atl. 578; *Missouri, K. & T. R. Co. v. Aycock* (Tex. Civ. App.) 135 S. W. 198; *Birmingham R., L. & P. Co. v. Anderson,* 163 Ala. 72, 50 South. 1021; *Ward v. Ely-Walker D. G. B. Co.* 248 Mo. 348, 154 S. W. 478; *Harding v. Ostrander R. & T. Co.* 64 Wash. 224, 116 Pac. 635.

The general rule is perhaps as well stated in *Joseph Schlitz B. Co. v. Duncan,* 6 Kan. App. 178, 181, 51 Pac. 310, 311, as in any of the cases cited. In that case Duncan was run over by a brewery wagon, the property of the defendant, injuring his leg in such a way that his heel did not reach the floor. It was claimed that the condition could be remedied by a surgical operation. The court said:

"The next allegation of error is that the court withdrew from the jury all evidence as to the probable result of a surgical operation. This, we think, was error, as the probabilities of a cure of the disability would, to some extent, affect the amount of damages. This should have been allowed to go to the jury and be weighed by them in assessing the amount of

recovery, as should also the probable expense attending such an operation. This is not in mitigation of damages, but a part of the method of showing the actual damages sustained. If the plaintiff could be certainly cured by an operation that was safe and inexpensive, that would surely be a less serious injury than one for which there was no hope; and to the degree that the certainty, safety, and inexpensiveness of a cure could be assured, in such a degree would the actual damages decrease."

While the decisions of different courts were placed upon different grounds, the result reached in every case was that the injured person would not be allowed to recover damages caused by his own negligent act or wilful misconduct, but only those which were caused directly or proximately by the injury itself. The question under consideration here has arisen many times under the English compensation act. The following rule was laid down by Lord M'LAREN in *Donnelly v. Baird,* Scotch Sess. Cas. [1908] 536:

"In view of the great diversity of cases raising this question, I can see no general principle except this: that if the operation is not attended with danger to life or health or extraordinary suffering, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employers from the obligation to maintain him. In other words, the statutory obligation of the employer to give maintenance during the period of incapacity, resulting from the accident is subject to the implied condition that the workman shall avail himself of such reasonable remedial measures as are within his power."

See notes in 48 L. R. A. N. s. 111, and L. R. A. 1916A, 139, 387, where a large number of cases bearing upon this subject are collected.

The same question has arisen under the New Jersey workmen's compensation act, the workmen's compensation act of Maryland, and the Michigan workmen's compensation act, in

which cases the English rule stated above has been referred
to and approved, and applied with varying results. *Mc-
Nally v. H. & M. R. Co.* (N. J. Law) 95 Atl. 122; *Floccher's
Case,* 221 Mass. 54, 108 N. E. 1033; *Jendrus v. Detroit S.
P. Co.* 178 Mich. 265, 144 N. W. 563, L. R. A. 1916A, 381.

In the determination of this question we should bear in
mind the declared purposes of the law under consideration,
which have been stated by this court as follows:

"Under the statutory system for dealing with personal in-
jury losses incident to performance of the duties of an em-
ployer, they are regarded as mutual misfortunes to be charged
up, as directly as practicable, to the cost of production.    The
right to have the employer regarded as an agency to make pay-
ment to the employee and absorb the same as an expense of
the industry, regardless of whether the loss is attributable to
any human fault, is a legislative creation within the constitu-
tional exercise of the police power to legislate for the public
welfare.    It is not a charity, but the recognition of a moral
duty and the erection of it into a legal obligation of the public,
not of the mere employer, to compensate, reasonably, those
who are injured in the employment of others, as a part of the
natural, necessary cost of production; that obligation being
discharged through the agency of the employer. . . . The
more clearly it is appreciated that the basic logic of the law is
mutuality of interest between employers, employees, and the
public, and that each actor is charged with the duty of pro-
moting the mutual interests, the more apparent the high ideal
the legislature had in mind in creating the new system, and
the greater the prospect of such ideal being realized." *Mil-
waukee v. Miller,* 154 Wis. 652, 670, 671, 144 N. W. 188.

With this in mind, this court defined the term "where the
injury is proximately caused by accident" as follows:

"But when, as under the Compensation Act, no act of neg-
ligence is required in order to recover, the element of negli-
gence, namely, reasonable anticipation, contained in the term
'proximate cause,' must be eliminated therefrom, and the
phrase 'where the injury is proximately caused by accident,'
used in the statute, must be held to mean caused in a physi-
cal sense, by a chain of causation which both as to time, place,

and effect is so closely related to the accident that the injury can be said to be proximately caused thereby." *Milwaukee v. Industrial Comm.* 160 Wis. 238, 246, 151 N. W. 247.

In this connection, if we read for the word "injury" the word "disability," which is by the terms of the act the thing compensated for, and adopt the definition of "proximately caused" laid down by the court, we have the following: Where the disability is so related to the accident that it is the natural consequence thereof, then compensation should be awarded.

Where, as in this case, the applicant under the Workmen's Compensation Act unreasonably refuses to undergo a safe and simple surgical operation which is fairly certain to result in a removal of the disability and is not attended with serious risk or pain and is such as an ordinarily prudent and courageous person would submit to for his own benefit and comfort, no question of compensation being involved, the disability which the claimant suffers thereafter, a reasonable time being allowed for recovery, is not proximately caused by the accident, but is the direct result of such unreasonable refusal.

No question of compelling the applicant to submit to an operation is involved. The question is: Shall society recompense a workman for a disability caused by his unreasonable refusal to adopt such means to effect a recovery as an ordinarily prudent person would use under like circumstances and which would result in the removal of the disability within the rule as stated above? It is true that the compensation awarded under the terms of the act is not damages in the technical sense, and that the rules relating thereto are not to be applied in cases arising under this act, and cases have been cited simply for the purpose of showing that damages accruing as a direct result of the claimant's unreasonable refusal to submit to reasonable medical and surgical treatment, where the results are fairly certain, were not even in tort cases held to be proximately caused by the accident.

The proposition that an applicant, under the provisions of

this humane law, may create, continue, or even increase his disability by his wilful, unreasonable, and negligent conduct, claim compensation from his employer for his disability so caused, and thereby cast the burden of his wrongful act upon society in general, is not only utterly repugnant to all principles of law, but is abhorrent to that sense of justice common to all mankind.    The findings of the *Commission* in this case, which are abundantly supported by the evidence and affirmed by the lower court, bring the applicant in this instance clearly within the rule above stated.    ·    .

*By the Court.*—Judgment affirmed.