E. J. RUSSELL V. MISSOURI, KANSAS & TEXAS RY. CO., OF TEXAS.

No. 1368.

Railway Company—Round Trip Ticket—Connecting Lines—Ejection of
    Passenger.

Plaintiff purchased from the agent of the defendant railway company a round
trip ticket from D. to S. and return, good over its own line and a connecting line,
and which ticket expressly stipulated that it should be good for passage when offi-
cially stamped on the back thereof; that it should not be good for return passage
unless officially signed and stamped by the agent of the connecting line at S.; and
that in selling the ticket the defendant road acted only as the agent of the connect-
ing line, and should not be responsible beyond its own line. The agent selling the
ticket neglected to officially stamp it on the back, but plaintiff traveled on it to S.,
and on presenting it there to the agent of the connecting line to be signed and
stamped for the return trip, this was refused, because of the absence of the stamp of
the selling office. Plaintiff then boarded the train, tendered the ticket to the con-
ductor, which was refused, and, declining to pay his fare, he was ejected from the
train, lost one day's time, and had to purchase another ticket for his return. In an
action brought by him for damages, the court's charge restricted his right of re-
covery to the cost of the second ticket, the value of the lost time, and his actual
expenses during such time. Held, the charge was correct, and that defendant hav-
ing attempted to ride on the first ticket after he was informed that it was worth-
less, and would not be honored for return passage, was not entitled to recover
damages because of the indignity, mental suffering, etc., resulting from his eject-
ment from the train.

ERROR from Dallas.    Tried below before Hon. EDWARD GRAY.

*Chas. I. Evans,* for plaintiff in error.—The court erred in its charge to
the jury, in restricting the plaintiff's measure of damages to the cost of
his return passage from St. Louis, Mo., to Dallas, Texas, his reasonable
expenses during his delay in St. Louis, and his loss of time, and in not
submitting to the jury the plaintiff's right to recover damages for the
injury and indignity to his feelings, resulting from being forcibly ejected
from the train at Kirkwood; because such damages were actual, and the
natural and proximate result of the defendant's failure to furnish plain-
tiff with a ticket properly made out, and stamped on the back with the
stamp of its office at Dallas, Texas, the point where it sold said ticket.
Railway v. Moody, 30 S. W. Rep., 574; Hays v. Railway, 46 Texas, 273;
Craker v. Railway, 36 Wis., 657; Suth. Damages (2 ed.), sec. 95; Pat-
terson's Railway Accident Law, 131, 137; Railway v. Ford, 53 Texas,
364.

*Clark & Hall,* for defendant in error.—There was no error on the part
of the court in refusing to submit to the jury the issue as to injury or
indignities suffered by plaintiff, resulting from being forcibly ejected at
Kirkwood.    Railway v. Campbell (Texas), 20 S. W. Rep., 845; Harris v.
Howe, 74 Texas, 534; McCarn v. Railway, 84 Texas, 352; Ponlin v. Rail-
way, 52 Am. & Eng. Ry. Cases, 188; Tel. Co. v. Kendzora, 77 Texas, 257.

FINLEY, ASSOCIATE JUSTICE.—This suit was brought by plaintiff in
error to recover of defendant in error damages for being ejected from a

train of the Missouri Pacific Railway Company at Kirkwood, Missouri. It was alleged that on July 6, 1891, plaintiff purchased a ticket from defendant's agent at Dallas, entitling him to transportation from Dallas, Texas, to St. Louis, Missouri, over the line of defendant's railroad and of its connecting line, the Missouri Pacific Railway Company, and to return on or before August 6, 1891; that he paid defendant for said ticket the sum of $28.90, in consideration whereof defendant promised, agreed and undertook to transport and safely carry plaintiff from Dallas, Texas,. to St. Louis, Missouri, and return to said city of Dallas, as stipulated on the face of said ticket. That in pursuance thereof plaintiff took passage on the defendant's train, and was so safely carried from Dallas to St. Louis over the lines of the defendant's railroad and of its said connecting railroad; but, on July 14, 1891, plaintiff presented said ticket to the agent of said Missouri Pacific Railway Company at St. Louis, for the purpose of signing his name on the back thereof, and having said agent to witness such signature, as required by the stipulations printed on the back of said ticket, and then offered to prove to said agent by a reputable person who was personally known to said agent, that plaintiff was the original purchaser of said ticket, but said agent refused to sign the same,. or to witness the signature of the plaintiff. That on the same day plaintiff boarded a train on said Missouri Pacific Railway at St. Louis, bound for Dallas, and when about twelve miles out of St. Louis, the conductor of said train refused to recognize said ticket as entitling plaintiff to passage on said train, and refused to permit plaintiff to ride thereon, and with force and arms and with great violence, in the presence of a large number of other passengers on said train, ejected plaintiff therefrom, to his great annoyance, humiliation, shame and disgrace. That plaintiff was thereupon compelled to return to St. Louis and to remain there one entire day longer than he would otherwise have done, at an additional expense of twenty dollars to him, and the sum of fifty cents railroad fare to get back to St. Louis. That on July 16, 1891, plaintiff was compelled to purchase, and did purchase, a ticket from St. Louis to Dallas, at a cost. of $20.20, in order to enable him to return to said city of Dallas.

That in selling and delivering said ticket to plaintiff, the defendant negligently failed to imprint on the back thereof the stamp of its office at Dallas, Texas, as it was required to do by its traffic arrangements. with said Missouri Pacific Railway Company, and in consequence of its. negligent failure to perform its duty in this respect, said Missouri Pacific Company refused to honor and recognize said ticket, and on account thereof plaintiff was subjected to the losses, damages and expenses aforesaid, and to the annoyance, shame, humiliation and disgrace aforesaid, to his damage in the sum of $1000.

The defendant answered by general denial; that it only acted as. agent of the Missouri Pacific Railway Company in selling said ticket, and that said ticket stipulated that the defendant was not to be responsible beyond its own line. The defendant also specially answered,. admitting the sale of the ticket as alleged by plaintiff, the failure of its.

agent to stamp said ticket, and admitted its liability to plaintiff in the sum of $20.20, the cost of the ticket purchased by him from St. Louis to Dallas, and alleged a tender of that sum to plaintiff, but did not prove it.

Upon the trial, the court charged the jury to return a verdict in favor of plaintiff for the damages which he had sustained by reason of 'the breach of the contract for transportation from Dallas to St. Louis and return; and specifically restricted the damages to amounts paid by plaintiff for his return passage from St. Louis to Dallas, his reasonable expenses during his delay in St. Louis, and the reasonable value of his loss of time, with 6 per cent interest on such amounts to the day of trial. The jury returned their verdict in 'favor of plaintiff for $35.70, and judgment was entered for this sum.

*Opinion.*—There is but one assignment of error presented upon which the judgment of the court below is asked to be reversed, which is as follows: "The court erred in its charge to the jury in restricting the plaintiff's measure of damages to the cost of his return passage from St. Louis, Mo., to Dallas, Texas, his reasonable expenses during his delay in St. Louis, and his loss of time, and in not submitting to the jury plaintiff's right to recover damages for the injury and indignity of his feelings resulting from being forcibly ejected from the train at Kirkwood; because such damages were actual, and the natural and proximate result of defendant's failure to furnish plaintiff with a ticket properly made out and stamped on the back with the stamp of its office at Dallas, Texas, the point where it sold said ticket."

The plaintiff purchased of the defendant, at Dallas, Texas, an excursion round-trip ticket from Dallas to St. Louis, over the Missouri, Kansas and Texas Railway, and Missouri Pacific Railway, as alleged in his petition. The ticket in express terms stipulated, (1) That it should be good for the passage when officially stamped on the back thereof. (2) It should not be good for return passage unless officially signed and stamped by the agent of the Missouri Pacific Railway at St. Louis, to whom the holder was required to identify himself as the original purchaser. (3) That in selling the ticket the Missouri, Kansas and Texas Railway Company acted only as the agent of the Missouri Pacific Railway Company, and should not be responsible beyond its own line.

In selling the ticket the defendant's agent at Dallas neglected to officially stamp the ticket upon the back thereof, as required by its terms to give it validity. The ticket was honored on the passage to St. Louis, but when the plaintiff presented it to the agent of the Missouri Pacific Railway Company at St. Louis and proposed to identify himself as the original purchaser, the agent there declined to sign and stamp the ticket, as was required by its terms to give it validity for the return passage. Plaintiff then got upon a Missouri Pacific train to return to Dallas, and was ejected from the train a short distance from St. Louis, on account of not having a valid ticket for his passage, with the consequences prac-

tically as alleged in his petition. The proposition insisted upon is, that he is entitled to recover of this defendant actual damages for the indignity, mental suffering, etc., occasioned by being put off the train of the Missouri Pacific Company.

Appellee contends that it is protected by the provision in the ticket limiting its liability to its own line.

We do not think this provision would protect the carrier against the proximate consequences of its own negligence. If the negligence of its Dallas agent was the proximate cause of plaintiff's being ejected from the train, we think he would have the right to recover of it the damages flowing from such ejection.

Was the negligence of the Dallas agent the proximate cause of plaintiff's being put off the train? Plaintiff knew when he got on the train at St. Louis that his ticket was not good for the return passage; that by its terms it required that it should be signed and stamped by the agent of the Missouri Pacific Railway Company at St. Louis before it would be valid, and that the St. Louis agent had expressly refused to do that which would render the ticket valid. It is true, appellant was not to blame for the condition of the ticket at the time he presented it to the St. Louis agent; the Dallas agent's negligence is chargeable with it, and renders the company liable for the proximate consequences of such negligence. The relation of carrier and passenger imposes reciprocal duties. When the carrier violates its duty and breaches the contract of carriage, it becomes responsible for the proximate results of such act, but not for consequences which could and should have been avoided by the passenger. The passenger must make the best of the situation, and refrain from unnecessarily bringing about an aggravated state of consequences.

Applying these principles to this case, what was plaintiff's duty when the St. Louis agent refused to sign and stamp his ticket? Should he then have purchased himself another ticket, as he did subsequently, or should he have tried to ride upon a ticket which he knew was not good for his return passage? Was it right for him to take the peril of being put off the train, and thus unnecessarily extend the opportunity for damages to result to him? To propound these questions, is to furnish the answers to them. The plaintiff should not have taken passage upon the train when he knew that his ticket was not good; and having done so, he should not be permitted to recover damages on account of his ejection. He was permitted to recover quite as much as he was entitled to recover, under the facts of the case. Railway v. Cole, 66 Texas, 562.

Judgment affirmed.

*Affirmed.*

Delivered February 22, 1896.

Writ of error refused by Supreme Court.