St. Louis Southwestern Railway Company of Texas v. H. S. Foster.

Decided May 25, 1907.

**1.—Alighting at Wrong Station—Negligence of Carrier—Damages.**

Where a female passenger is caused to alight at a wrong station by the negligence of defendant's porter in calling a wrong name for the station, and the passenger in order to reach her destination travels by buggy over a rough road in a cold and damp night, and sickness results from the exposure, the passenger is not guilty of contributory negligence as matter of law.

**2.—Same—Contemplated Damages.**

Where a carrier breaches its contract by failing to convey a passenger to her destination, it can not be said that it was not contemplated that the passenger would continue her journey at the earliest possible period consistent with prudence to her welfare. Evidence considered, and held sufficient to sustain a verdict against the defendant.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

*E. B. Perkins, Frost & Neblett, W. R. Bishop* and *J. S. Simkins,* for appellant.—The evidence shows that appellee's wife was guilty of such contributory negligence as would preclude her recovery, and the court erred in not so instructing the jury, and erred in so charging the jury as to permit them to find that appellee's wife was not guilty of such contributory negligence as would preclude a recovery. Texas & P. Ry. Co. v. Cole, 66 Texas, 564; International & G. N. Ry. Co. v. Gilbert, 64 Texas, 540; Gulf, C. & S. F. Ry. Co. v. Head, 15 S. W. Rep., 504; Gulf, C. & S. F. Ry. Co. v. Cleveland, 33 S. W. Rep., 688; Gulf, C. & S. F. Ry. Co. v. Trott, 86 Texas, 414; Texas & Pacific Ry. Co. v. Hartnett, 34 S. W. Rep., 1058; Texas & P. Ry. Co. v. Armstrong, 41 S. W. Rep., 835; Houston & T. C. Ry. Co. v. McKenzie, 41 S. W. Rep., 832; Jones v. George, 61 Texas, 353; Gonzales v. Galveston, 84 Texas, 7; Brandon v. Gulf City Cotton Press Mfg. Co., 51 Texas, 128; Womack v. W. U. Tel. Co., 58 Texas, 182; Houston & T. C. Ry. Co. v. Richards, 59 Texas, 375; Texas & S. L. R. R. Co. v. Young, 60 Texas, 202.

The court erred in overruling and not granting defendant's motion for a new trial, because the verdict of the jury is contrary to and not supported by the evidence and is excessive in amount and shows that it is the result of passion and prejudice. Houston & G. N. Ry. Co. v. Randall, 50 Texas, 261; Pilcher v. Kirk, 60 Texas, 163; Thomas v. Chapman, 62 Texas, 196; Houston v. Morrison, 10 Texas, 1; Pullman Palace Car Co. v. McDonald, 2 Texas Civ.

App., 324; Gulf, C. & S. F. Ry. Co. v. Cleveland, 33 S. W. Rep., 688; Gulf, C. & S. F. v. Trott, 86 Texas, 412.

*Watkins, Green & Richardson,* for appellee.

RAINEY, CHIEF JUSTICE.—H. S. Foster, appellee, brought this suit against the railway company, appellant, for damages sustained by his wife caused by the negligence of appellant's servants. The cause of action is, in substance, that Mrs. Foster purchased a ticket at Malakoff to be carried to Bullard. Both places are stations on appellant's road. She boarded appellant's train and was accepted as a passenger. When the train reached Flint, some six miles before the station of Bullard was reached, the train porter negligently called Bullard. Appellee's wife being a stranger, she alighted from the train and after the train had gone she discovered that she was at the wrong station. She communicated with her friend at Bullard, who sent for her in a buggy. When the buggy reached Flint it was night and she then went through the country in the buggy over rough roads to Bullard. It was cold and damp and she contracted cold and sickness and suffered damages.

The defendant answered by general and special demurrers and specially that Mrs. Foster being put off at Flint was by oversight, mistake and accident and no wrong intended. That she was guilty of contributory negligence in going to Bullard by buggy at night as she could have procured hotel accommodations at Flint. That she voluntarily chose to ride through the country in a buggy, being thinly clad, when the weather was damp and cold and over rough roads, knowing the conditions surrounding her, and thereby assumed the risk. The demurrers were overruled. A trial on the merits was had and the verdict and judgment for $600 rendered for plaintiff.

The facts show that on December 26, 1905, plaintiff's wife bought a round trip ticket from appellant's agent at Malakoff, in Henderson County, Texas, to Bullard, Smith County, Texas, stations on appellant's line. She boarded the train as a passenger and the conductor honored her ticket. When the train was approaching the station of Flint, about six miles before reaching Bullard, the train porter called Bullard. The train stopped and Mrs. Foster got off, the conductor assisting her. She was a stranger and did not know the place and the train left before she discovered she was at the wrong place. She inquired of Dr. Flint, who had alighted from the same train, where some of her relatives lived, mentioning their names. He told her they lived in Bullard and that she was not at Bullard. She seemed to be at a loss what to do. He told her he would see the agent there and get him to wire to Bullard to her people. This he did. The agent then spoke to her and she told him to wire Dr. Meade, her nephew, at Bullard, to send for her, that she would be at the depot, which he did. The train reached Flint about six o'clock p. m. The agent made a fire, lighted the lamp and left the depot, leaving her alone. After a short while she became frightened and went across the street about 75 feet to the house of a Methodist minister and remained a while, when he and wife went to the depot with her and stayed until Dr. Meade

reached there in his buggy, about two hours after she arrived at Flint. She then got into the buggy and rode to Bullard in about two and a half hours. She did not know of the condition as to hotels or boarding houses at Flint, it being a small place, and she an utter stranger. It was cold and damp. She was dressed in winter wear and had an extra shoulder cape. In the ride to Bullard from Flint she got chilled through. She contracted cold and was sick for some time afterwards. The evidence shows such sickness and suffering, mental and physical, occasioned by the ride as warranted the verdict of the jury. We conclude she was not guilty of contributory negligence.

It is contended by appellant that Mrs. Foster was guilty of contributory negligence in going from Flint to Bullard under the then existing conditions and that the railway company is not liable for damages occasioned thereby. Several charges were requested involving this proposition, which were refused by the court, and on which several assignments of error are based.

The special charges requested assume that the evidence shows negligence *per se* in Mrs. Foster making the trip by buggy, and directs the jury to find for the railway company. There is no error in refusing these charges. The appellant had contracted to convey Mrs. Foster to Bullard. This contract was breached by negligence of its porter calling the wrong station, which induced Mrs. Foster to alight from the train at a place where she was a total stranger. The next train for Bullard was not due until next evening. It was her right to seek other conveyance to reach her destination, and in doing this, if she acted as an ordinarily prudent person would have done, she was not guilty of negligence. The court in its charge properly submitted the question of contributory negligence to the jury and they by their verdict having found no negligence existed, as they were warranted in doing under the evidence, we conclude that said assignments of error should not be sustained. St. Louis S. W. Ry. Co. v. Ricketts, 96 Texas, 68.

It is contended that the damages sustained by Mrs. Foster in taking the trip through the country in a buggy at night were not in contemplation of the parties at the time of making the contract, if it was breached, and therefore no liability existed. It can not be said that if the contract was breached by failing to convey Mrs. Foster to her destination it was not contemplated that she would continue her journey at the earliest period consistent with prudence to her welfare. It was the natural thing to do, and if she adopted means for that purpose, such as an ordinarily prudent person would have done, and her suffering and discomfort was the natural and proximate result of the means she adopted, the railway company was liable therefor. St. Louis S. W. Ry. Co. v. Ricketts, *supra;* International & G. N. Ry. Co. v. Addison, 15 Texas Ct. Rep., 675.

The court did not err in permitting the plaintiff to testify that the weather was cold and damp, and the roads were rough and wet over which she traveled, and that she suffered mental and physical pain and that sickness resulted therefrom. These conditions were brought about by the breach of the contract, and should

have been contemplated when the contract was entered into. They were the natural results of the breach. Appellant did not show that any better means was at hand by which she could have continued her journey and it was left for the jury to determine whether or not she acted prudently.

The verdict is not excessive. The jury considered this matter under proper instructions, and the evidence warranted their finding.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.