## COOK v. BEAUMONT, S. L. & W. RY. CO.

(Court of Civil Appeals of Texas. Austin. Oct. 15, 1913.)

CARRIERS (§ 369*)—INJURY TO PASSENGER— EJECTION—DAMAGES—PROXIMATE CAUSE.

Plaintiff, a clergyman, having an engagement to preach on Sunday, took passage on a train that did not stop at his destination, and was required to alight at another station some distance short of that place. The conductor returned his ticket, and informed plaintiff that he could proceed to his destination on a later local train, which would have reached there in time for his engagement. Instead of waiting for this train, however, he started to walk the

remaining distance, carrying a heavy suit case. The weather was cold and rainy and the road heavy, and before he reached his destination he suffered from fatigue, contracted a cold, and was rendered unable to fill his engagement. *Held*, that such damages were not the proximate result of defendant's refusal to transport him to his destination on the first train, or ejecting him short of that place, and could not therefore be made the basis of an action for damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1483, 1485–1487; Dec. Dig. § 369.*]

Appeal from Liberty County Court; I. B. Simmons, Judge.

Action by H. G. Cook against the Beaumont, Sour Lake & Western Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Marshall & Harrison, of Liberty, for appellant. Andrews, Ball & Streetman, McDonald Meachum, and W. D. Stephens, all of Houston, for appellee.

RICE, J. This suit was brought by appellant against appellee to recover damages alleged to have resulted on account of his expulsion from one of its passenger trains. Upon the conclusion of the evidence the trial court instructed a verdict in behalf of appellee, which is assigned as error. No question is raised upon the pleadings; hence there is no necessity for outlining same. On the evening of the 12th of January, 1912, appellant purchased a ticket from appellee's station agent at Beaumont, entitling him to passage over said road to Hardin, a station thereon. Learning that the train was several hours late, he did not offer himself as a passenger over said road until next morning. Before undertaking to board its morning train, however, he inquired at defendant's office at the Crosby Hotel, to ascertain if he could ride upon said ticket, whereupon he was informed by the party therein, supposed to be the agent of the company, that his ticket was good for 24 hours, which had not expired, and directed him to take passage on the next train, stating that it would stop at Hardin, after which appellant boarded said train, replying, in response to the brakeman's inquiry when getting on, that he was going to Hardin. When the conductor came around for tickets he asked appellant if he had bought the ticket that morning, to which he replied that he had not. Whereupon the conductor stated to him that he could not get off at Hardin, because this was a through train, and. did not stop there, but that he could ride as far as Hull, the next station. Appellant told him what the agent had stated, and insisted upon being put off at Hardin. The conductor refused to do this, telling him that he must get off at Hull, returning him his ticket, but permitting him to ride to Hull thereon. Upon reaching Hull, appellant disembarked under protest. The latter

was a small hamlet, containing a store and some other buildings, besides the station and residence of the station agent, with whom appellant was acquainted, having previously taken dinner with him. Appellant was informed by the conductor, as well as by the brakeman before he left the train, that a local would pass Hull on that afternoon about 7 o'clock going to Hardin, upon which he could take passage. It appears from the evidence that appellee operated two trains a day from Beaumont to Houston, passing Hardin station; one was known as the Gulf Coast Special, which was a through train only stopping at two places between Beaumont and Houston, to wit, Gray and Hull, and did not stop at Hardin; while the other was a local train that stopped at all the stations between Beaumont and Houston. After being thus ejected at Hull, appellant sought to obtain some conveyance to Hardin, but was unable to do so, and after spending three hours there, he concluded to walk to Hardin, arriving there that afternoon about. 5:30 o'clock, very much fatigued and wearied by his journey, having carried his suit case with him. The weather was cold, and it was drizzling rain and the road was muddy, and before reaching Hardin he was overtaken by a shower and got wet, from which he contracted a cold, lasting him several days. Appellant was a clergyman, and the purpose of his visit to Hardin was to fill his appointment on the next day, which was Sunday. He testified that as a result of his walk he became stiff and sore, and was unable to fill his appointment the next day and night, and on account of which he suffered damages, for which the suit was brought.

Appellant urges that the court erred in instructing a verdict in behalf of appellee, insisting that the pleadings and evidence raised an issue which should have been submitted for the consideration of the jury, and that it was improper, where such is the case, for the court to usurp the province of the jury and instruct a verdict. Whereas, appellee contends that the instruction was correct because appellant was not entitled to recover under the facts in evidence, for the reason, first, that if it be conceded that there was an issue raised by the pleadings and evidence as to whether or not appellee's agent directed him to take the morning train, with the statement that it would stop at Hardin, nevertheless, if this was a mistake, then the conductor was not bound thereby, but it was his duty to inform appellant of such mistake and give him an opportunity to get off at Hull, which it was appellant's duty to do. Besides this, it is also contended on the part of appellee that no damage accrued to appellant for which appellee was liable, because the injuries complained of were not the proximate result of the negligence of appellee, if any.

It is held in I. & G. N. R. R. Co. v. Hassell, 62 Tex. 256, 50 Am. Rep. 525, that, notwithstanding the fact that the agent of the railroad company, through mistake, directed a traveler to board a through train that did not stop at a certain station, nevertheless, the conductor had the right to correct the mistake and require the passenger to alight at some intermediate station before reaching his destination; and, if he was put off in a proper manner, no action would lie in favor of the passenger therefor. See, also, for a similar holding, St. Louis S. W. Ry. Co. v. Wallace, 32 Tex. Civ. App. 312, 74 S. W. 581; St. Louis S. W. Ry. Co. v. Campbell, 30 Tex. Civ. App. 35, 69 S. W. 451; Cluck v. H. & T. C. R. R. Co., 46 Tex. Civ. App. 112, 101 S. W. 1021. But the contrary seems also to have been held in M., K. & T. Ry. Co. v. Carlisle, 145 S. W. 653; G., C. & S. F. Ry. Co. v. Mooreman, 46 S. W. 662; I. & G. N. R. R. Co. v. Kilgoe, 71 S. W. 556; G., C. & S. F. Ry. Co. v. Rather, 3 Tex. Civ. App. 72, 21 S. W. 951; and other cases cited in appellant's brief. But, without undertaking to reconcile this apparent conflict, it is only necessary to say that we can and do rest our holding upon the last proposition asserted by appellee, to wit, that appellant is not entitled to recover for the reason that he has suffered no damage for which appellee is justly liable. It appears from the evidence that he was put off in the daytime; that there was no immediate and pressing necessity for his arrival at Hardin prior to the time that the local train would have reached there. It is true that he states that it was his custom to reach Hardin the day before his appointment, so that the members of his church might be apprised of the fact that he was in town, and was expecting to fill his appointment the next day; but if he had waited for the local, which he knew would likely pass Hull that afternoon, he would have reached his destination about 7:30 o'clock that evening. At any rate, it seems to us that it was not incumbent upon him to undertake this journey on foot, through inclement weather, carrying a heavy valise that he must have known would have produced the very condition of which he complains. Even if the company were guilty of negligence in compelling him to disembark at Hull, which we are not prepared to concede, still it cannot be insisted with any degree of plausibility that they could have anticipated that appellant, on failing to secure a conveyance, would walk to Hardin that evening, but it was more reasonable for it to suppose that he would wait for the local train.

The case at bar is somewhat analogous to that of I. & G. N. R. R. Co. v. Addison, 100 Tex. 241, 97 S. W. 1037, 8 L. R. A. (N. S.) 880. In that case Addison, who lived at New Waverly, was merchandising at Conroe, where he intended to go the next morning for the purpose of opening up his store. He testified that he went to the station at New Waverly, some 300 or 400 yards from his residence, for the purpose of taking the train to Conroe. It was a flag station, and he gave the usual signal for the train to stop, which was answered, but the train failed to stop and he was left. He immediately procured a team and drove through the country to Conroe. The weather was very cold and disagreeable, and though well wrapped, he took neuralgia on account of the exposure, from which he suffered a great deal. Chief Justice Brown, then Associate Justice, in delivering the opinion, says: "The only reason Addison had for taking the trip from New Waverly to Conroe that night was to prevent the loss of a few dollars which might, perhaps, accrue because the doors of his storehouse would not be opened on Monday morning. It cannot be said upon the facts of this case that his choice to make that trip in the nighttime and through the storm was a necessary or usual consequence of the failure of the railroad company to take him on the train, nor can it be said that the railroad company ought to have anticipated that he would do so rash a thing, for, surely, it does not need argument to impress upon the mind of any man the conclusion that it was not the act of a reasonably prudent man who had a proper care for his own safety and comfort. The evidence is undisputed. It is his own testimony, and it leaves no ground for a difference of opinion, that he deliberately chose to undergo the discomfort and take the chance of injury to his health and his own personal safety in making a trip of that kind in the storm in order to save himself from slight pecuniary damages. The law does not permit a man under such circumstances to take the risks that Addison took, and to hold the railroad company responsible for damages which accrued by reason of his own reckless and imprudent acts" (citing Railway Company v. Thomas, 27 S. W. 419; Railway Company v. Fleming, 14 Lea [Tenn.] 128; Railway Company v. Cole, 66 Tex. 562, 1 S. W. 629; I. B. & W. Ry. Co. v. Birney, 71 Ill. 391).

In Russell v. M., K. & T. Ry. Co., 12 Tex. Civ. App. 627, 35 S. W. 724, affirmed by the Supreme Court, 93 Tex. 737, 35 S. W. 724, footnote, among other things it is said: "When the carrier violates its duty, and breaches the contract of carriage, it becomes responsible for the proximate results of such act, but not for consequences that could and should have been avoided by the passenger. The passenger must make the best of the situation, and refrain from unnecessarily bringing about an aggravated state of consequences."

We think in the present case that the company should not be held responsible for the damages claimed, because they were not the proximate result of the negligence alleged;

and therefore the trial court properly instructed a verdict in behalf of appellee.

Finding no error in the judgment of the court below, the same is in all things affirmed.