HOUSTON E. & W. T. RY. CO. v. THORN et al. (No. 266.)

(Court of Civil Appeals of Texas. Beaumont. July 14, 1917. Rehearing Denied Oct. 17, 1917.)

1. CARRIERS ⟐276(3)—CARRYING PASSENGER PAST STATION—NEGLIGENCE—EVIDENCE.

In an action for damages for being carried past a station, evidence *held* sufficient to support a finding that defendant carrier was negligent.

2. CARRIERS ⟐278(3)—BREACH OF CONTRACT —ISSUES—FINDINGS—CONSTRUCTION.

In an action against a carrier for damages caused by having to walk back after being carried past a station, a finding under an issue, "If you find the damages sustained by the plaintiff were caused by her walk and exertion you will so say, and your answer will be, 'Yes,'" to which the jury answered, "No," is a finding that plaintiff would have suffered the same damage if she had not walked, the instruction being under that part of the charge covering contributory negligence, it being contended by defendant that plaintiff should have hired a livery team to get back to her station.

3. TRIAL ⟐351(5)—ISSUES COVERED BY OTHER INSTRUCTIONS.

A requested issue, "Did the employés stop the train for the length of time and usual manner for stopping passenger trains, did they blow the whistle, and was that station called out so that a person situated as was the plaintiff, could hear the call of the station," was sufficiently covered by the issue: "If you believe that the agents blew the whistle, called the station sufficiently loud for a person of ordinary hearing to have heard and understood said call, and that the train in its accustomed manner did stop at said station, then you could not find defendant negligent."

4. CARRIERS ⟐272 — CARRYING PASSENGERS PAST STATIONS — CONTRIBUTORY NEGLIGENCE.

A passenger had the right to rely on a statement of a train porter that a train was taking water, and is not guilty of contributory negligence in being carried past the station, although the train was in fact at the station at the time.

5. CARRIERS ⟐276(3) — CARRYING PASSENGER PAST STATION—DAMAGES—AMOUNT.

In an action against a carrier for being carried past a station about a mile, evidence *held* to support a finding of $79 damages.

Error from Shelby County Court; T. H. Posttell, Judge.

Action by Mary E. Thorn and J. H. Thorn

against the Houston East & West Texas Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

McMeans, Garrison & Pollard, of Houston, for plaintiff in error. Sanders & Sanders, of Center, for defendants in error.

BROOKE, J. This suit was begun in the justice court, precinct No. 4, Shelby county. As shown by the citation, the plaintiffs' demand was as follows:

"Plaintiffs would show to the court that the defendant is a railway corporation, and carrying passengers from one portion of this state to another for pay, and on the 10th day of February, A. D. 1915, Mrs. Mary E. Thorn, one of the plaintiffs herein, went to the depot agent at Joaquin, Tex., and called for a ticket for herself and little girl to Haslam, Tex., and paid for the same the amount charged by the agent, and boarded the train for Haslam. Plaintiff shows that it is the custom of the trains to stop for water just before getting to the station at Haslam, and Mrs. Mary E. Thorn while a passenger on train of defendant asked the agent of defendant, the porter, if they would take on water this time while she was on the train, and he told her they would, but which was not done, and she was not notified by call or otherwise that she had reached Haslam, and by the carelessness, negligence, and inattention to their duties, the said Mrs. Mary E. Thorn was carried beyond her destination to Logansport, La., a station in another state, and she was forced to walk back to her home at Haslam, to which place she had called for a ticket to, and by reason of the carelessness and negligence on part of defendant by carrying her beyond her destination, and by reason of her having to walk back to her home at Haslam, she was taken sick and confined to her bed for two weeks, and for two weeks more she was unable to do her housework, and plaintiffs allege that by the carelessness and negligence of defendant they suffered on account of sickness and have been damaged in the sum of $170. Plaintiffs say that Mrs. Mary E. Thorn is a woman 50 years of age, and refined and cultured. She says that more than 30 days ago she made demand for this damage, which was refused by defendant, and she prays judgment as above, for $170, costs of suit, and general relief."

The statement of plaintiffs' cause of action in the county court was as follows:

"This suit was instituted by the plaintiffs to recover damages against the Houston East & West Texas Railway Company in the sum of $170, plaintiffs alleging that on or about the 10th day of February, A. D. 1915, Mary E. Thorn, one of the plaintiffs, purchased from the agent of the Houston East & West Texas railway company at Joaquin a ticket for Haslam; that the agent in place of selling her a ticket for Haslam sold her a ticket for Logansport which was about one mile beyond Haslam. Plaintiff alleges that the train did not stop at Haslam, nor was the station called, or the plaintiff, Mary E. Thorn, notified when the train arrived at Haslam, and that she was taken by her station to Logansport; that she had to walk from Logansport back to Haslam, a distance of one mile carrying her grip; that the walk made her sick and she was confined to her bed for some 10 or 12 days and she had not yet recovered from her illness caused by the walk; that the defendant company was negligent in carrying her by her station, in that it did not announce the station or notify her when she arrived at the station of Haslam.

"The defendant answered by general denial and further alleged that the station of Haslam was called in the coach in which the plaintiff was riding; that the train stopped at Haslam for a reasonable length of time to allow plaintiff to safely alight and that a number of passengers got on and off the train at Haslam; that the plaintiff was well acquainted with the station, and remained on the train and did not get off the train when it stopped at Haslam. That plaintiff claimed that the reason she did not get off at Haslam was for the reason that she believed that when the train came to a stop it was at a water tank some 100 yards or more from the town. The defendant also pled that the plaintiff, Mrs. Thorn, was guilty of contributory negligence in walking from Logansport to Haslam carrying her grip; that Logansport was a good sized town where she could have procured a conveyance at a nominal cost which would have carried her from Logansport back to her destination."

The court submitted the following charge:

"The plaintiff, Mary E. Thorn, joined by her husband, J. H. Thorn, has filed suit against the defendant, the East and West Texas Railway Company alleging that on or about February 10, 1915, the plaintiff, Mary E. Thorn, while a passenger on the train of defendant, running from Joaquin in Shelby county, Tex., to Haslam, also in Shelby county, Tex., by the carelessness, negligence, and inattention of the employés of the defendant, the said Mary E. Thorn was carried beyond her destination to the town of Logansport, La.; that she was forced to walk back to her home at Haslam, by reason of which she was taken sick and confined to her bed for two weeks, and for two weeks she was unable to do her housework; that on account of such carelessness and negligence plaintiff sustained damages in the sum of $170.

"Defendant answers that they did sell plaintiff a ticket at the time alleged, and that plaintiff was a passenger on its train from Joaquin to Haslam, that its agents called out the name of the station, Haslam, before stopping at Haslam, and did stop at Haslam sufficiently long for defendant to have alighted; that its trains are provided with windows and that plaintiff might have seen and known when said train stopped at Haslam; that said defendant was not negligent in running its train.

"Now you are instructed to find on the following special issues: (1) Was the defendant negligent in allowing plaintiff, Mary E. Thorn, to remain on said train on said date and in carrying her beyond her destination?

"If you believe that the agents and employés of said defendant blew the whistle, called the station sufficiently loud for a person of ordinary hearing to have heard and understood said call, and that the train in its accustomed manner did stop at said station, Haslam, then you could not find defendant negligent, unless there were some apparent reason for defendant not exercising more than ordinary diligence, such as would be necessary and required were its passengers asleep, deaf, or blind.

"But if from the evidence you find the defendant negligent you will so say, and write your answer 'Yes'; but if you find from the evidence that defendant was not negligent you will so say and let your answer be, 'No.'" (To this question the jury answered, "Yes.")

"If your answer to No. 1, should be, 'No,' then you will not consider the remaining issues, as there could be no liability; but should you answer special issue No. 1 by, 'Yes,' then you will consider this proposition as issue No. 2.

"And were the damages complained of by plaintiff, to wit, confinement to her bed and inability to do her housework, the result of defendant's negligence, if any? If from the evidence you find that the damages sustained, if any, were the result of defendant's negligence, if any, you will so say and your answer will

be, 'Yes.' But if you find the damages sustained, if any, were not the result of defendant's negligence, if any, you will so say and your answer will be, 'No.' In arriving at your conclusions in answer to special issue No. 2, consideration may be given to plaintiff's failure to secure some mode of conveyance from the point to which she was conveyed back to the point of her original destination." (To this question the jury answered, "Yes.")

"Considering the age and condition of plaintiff, Mary E. Thorn, if a reasonably prudent person would have secured some mode of transportation and not attempted to return with luggage afoot, then you will consider whether or not the plaintiff, Mary E. Thorn, should be charged with contributory negligence in not providing some means of return, therefore (3) Were the damages, if any, caused by the fatigue and exertion of the walk and plaintiff's failure to provide some means of returning?

"If you find the damages sustained by the plaintiff Mary E. Thorn. were caused by her walk and exertion you will so say and your answer will be, 'Yes.'" (To this question the jury answered, "No.")

"If your answer to special issue No. 3 should be, 'Yes,' then you will not assess any amount of damages against defendant in answer to special issue No. 4 following; but if your answer to special issue No. 3 is, 'No,' then you will be required to find the amount of damages actually sustained by plaintiff, and whatever amount you so find you will state in your answer to special issue No. 4 what amount of damages has plaintiff sustained." (To this question the jury answered "$79.")

"You are the sole judges of the credibility of the witnesses and the weight to the evidence. The burden of proof is on the plaintiffs to establish their case by a preponderance of the testimony."

Judgment was rendered against the railroad company for $79, from which this appeal has been perfected.

The first assignment of error is as follows:

"The court erred in refusing to give defendant's special charge No. 1, instructing the jury to return a verdict for the defendant company, no evidence being introduced showing that the defendant company was negligent, or that any negligence of the defendant company was the proximate cause of plaintiff's injury."

[1] The jury found, as a matter of fact, that the defendant company was negligent, and, in our judgment, there was evidence to support this finding. Mrs. Thorn testified that she asked the porter just before or at the time the train stopped for Haslam if the engine was taking water, and the porter replied to her "taking water." W. A. Turpin testified that up to the time he saw the end of the switch he had thought that the train was taking water. The charge of the court sufficiently covered the ground, and the jury found that there was negligence. Counsel for plaintiffs urged that since Mrs. Thorn got off the train without objection, and without asking the conductor to run the train back to Haslam, she would not be entitled to recover by reason of having to walk back from Logansport to Haslam. The cases cited by plaintiff in error are not in point with this case, and, as a matter of fact, the evidence shows that Mrs. Thorn did object, and stated to the conductor, when the train stopped at Logansport that he had carried

her past her station; that she did not see the conductor until they reached the bridge near Logansport; that she asked him why it was he had carried her by Haslam, and that he said her ticket called for Logansport; and that the conductor spoke rather short to her. There is no merit in the contention of plaintiff in error and it is, therefore, overruled.

[2] The second assignment of error complains that the defendant in error could recover, if at all, only such damages as Mary E. Thorn sustained by reason of having to walk from Logansport to Haslam; and the jury having found that she did not sustain any damages by reason of having to walk from Logansport to Haslam, the defendant was entitled to have judgment entered in its favor, and the court erred in refusing to enter judgment for the defendant upon the findings of the jury.

The court submitted, as has been above set out, special issue No. 3, to which the jury answered, "No." The jury, in answering said question, had determined that the railway company was negligent in allowing Mrs. Thorn to go by her station of Haslam and to Logansport, one mile beyond her destination.

The contention had been made that Mrs. Thorn was guilty of contributory negligence in not providing a carriage or other conveyance and riding back to Haslam. This part of the charge of the court covered the issue of contributory negligence, and the answer of the jury, "No," indicates that they found, as a matter of fact, that the damages to Mrs. Thorn were not caused by her failure to provide some means of conveyance to Haslam. The finding of the jury in said matter is equivalent to a finding that the damage would have been caused just the same, even though Mrs. Thorn had provided transportation back to Haslam. Finding no error in the action of the court in this matter, the assignment is overruled.

[3] The third assignment challenges the action of the lower court in refusing to submit plaintiff's special issue No. 1, as follows:

"At the time complained of by plaintiff, when the passenger train of the Houston East & West Texas Railway Company reached Haslam, did the servants, agents or employés of the company stop the train for the length of time and usual manner for stopping passenger trains; did they blow the whistle; and was that station, Haslam, called out so that a person situated as was the plaintiff could hear the call of the station?"

As will appear from the reading of the charge of the court, as above, the court in its charge substantially covered this ground. The charge of the court was:

"If you believe that the agents and employés of said defendant blew the whistle, called the station sufficiently loud for a person of ordinary hearing to have heard and understood said call, and that the train in its accustomed manner did stop at said station, Haslam, then you could not find defendant negligent."

This, in our judgment, sufficiently covered the requested charge, and is the same, in sub-

stance, as that requested by plaintiff in error. The jury found from the evidence that the train did not stop as usual, and that they were negligent in carrying Mrs. Thorn past her destination.

[4] In our opinion, Mrs. Thorn had a right to rely upon the statement of the employé of the railroad company, to wit, the porter, that the train was taking water, and the jury having found that Mrs. Thorn was not guilty of contributory negligence, this court will not set aside the findings of the jury under the charge as above given.

The testimony of Mrs. Thorn is, practically, as follows:

"There is a water tank right near the depot in Haslam, Tex., and some one standing around the depot in Joaquin, Tex., told me, before I left that the train, would be apt to stop at the water tank first and then pull up to the station. While en route on the train, either just before or at the time the train stopped for Haslam, I asked the porter, 'Taking water?' and he replied, 'Taking water.' I had been to the town of Haslam before and knew the place; I knew that Haslam was the only station between Joaquin and Logansport. I never looked out nor made any inquiry as to whether we were at the station or not. Soon after the train started I discovered that we had passed the depot. Mr. Turpin, a resident citizen of Joaquin, who was also on that train, remarked to me, 'They are carrying you by Haslam;' and I said, 'Yes, that is all right.' I didn't think we had reached Haslam. I did not ask him or any one else to stop the train. I did not see the conductor until we reached the bridge near Logansport and he had called out the station, Logansport. I asked him why it was that he carried me by Haslam and he said my ticket called for Logansport. I told him I called for ticket for Haslam. The distance from Joaquin to Logansport is three miles. Ticket from Joaquin to Haslam and from Joaquin to Logansport cost the same price, 10 cents. The conductor talked rather short to me, that is, he spoke in a quick, short way. I got off at Logansport with my little girl, about 13 years old, and a large grip, and then started on my journey back toward Haslam. I only knew one person in Logansport. I knew that they run a livery stable and hired teams, but I only had 35 cents in money, and I did not try to hire a team; it was only a mile and I decided to walk back. They were doing some work on the wagon bridge which crosses the river and I did not go there to try to cross, but decided to walk the river bridge; this bridge is from 50 to 60 feet above the water, and when I had gotten out on this bridge I became very much frightened at the thoughts of a train coming along while I was on there, and a train did pass soon after I had gotten off of the bridge and on the ground. I continued my journey until I met my son about half way between Haslam and Logansport; he came to meet me and relieve me of the grip I was carrying. I reached home very much fatigued and frightened, and was compelled to take my bed, and was sick and confined to my bed, more or less, for a period of 11 days; I suffered very much at times. I never had a doctor with me at any time during my sickness. My health had always been good up to this time, and I had never walked this distance before in my life."

We have gone over this record carefully. We find that it reflects that Mrs. Thorn had purchased and paid for a ticket; that she knew the station of Haslam, and knew there was a water tank near the station; and that she had attempted to acquaint herself with the stopping of the train, by asking the porter, before the train reached Haslam, if the train would stop to take water, and was advised by the porter that the train was taking water. The porter having misinformed Mrs. Thorn as to the stopping of the train, and by this act of the porter, a servant of the company, Mrs. Thorn was carried beyond her destination. The jury found negligence on the part of the railroad company.

We have arrived at the conclusion that there is no such error in this case as would warrant this court in reversing this cause. Defendants in error disclaimed that they do not contend in this court that Mrs. Thorn was entitled to any damage by reason of having become frightened while crossing the railroad bridge at Logansport.

[5] Under the testimony, however, which the jury were warranted in believing, having said that the railroad company was negligent in carrying Mrs. Thorn beyond her destination, and she being compelled by reason thereof to walk back, under the circumstances and by reason thereof, we cannot say that they were in error in arriving at the conclusion and estimate of the damage sustained. The record reflects that a fair trial was had.

Finding no error in the action of the lower court, the cause is in all things affirmed.