NEVILL v. ST. LOUIS SOUTHWESTERN
RY. CO. OF TEXAS.   (No. 8102.)

(Court of Civil Appeals of Texas.   Dallas.
March 29, 1919.   Rehearing Denied
May 3, 1919.)

1. CARRIERS ☞278(1) — PASSENGERS—REFUS-
AL TO STOP TRAIN—NEGLIGENCE OF RAIL-
ROAD—JURY QUESTION.

In action for damages for railroad's failure
to stop train upon signal by passenger with
ticket entitling him to passage thereon, the
question of whether the railroad employés were
negligent was for the jury.

2. CARRIERS ☞277(1) — PASSENGERS—FAIL-
URE TO STOP TRAIN—LIABILITY OF RAIL-
ROAD.

Where railway employés were negligent in
failing to stop train at station upon signal of
passenger having ticket entitling him to passage
upon train, a passenger is entitled to damages
for injuries naturally resulting by reason of
such negligence.

3. CARRIERS ☞278(1)—PASSENGER—FAILURE
TO STOP TRAIN—CONTRIBUTORY NEGLIGENCE
—JURY QUESTION.

Whether passenger, who had been deprived
of passage on train by negligence of train em-
ployés in failing to stop upon signal, was negli-
gent in not securing lodging in town where he
signaled train, instead of walking ten miles to
neighboring town, held a question for the jury.

4. CARRIERS ☞278(1) — PASSENGERS — FAIL-
URE TO STOP TRAIN—CONTRIBUTORY NEGLI-
GENCE—JURY QUESTION.

Whether passenger, who had been deprived
of passage upon train by negligence of train em-
ployés in failing to stop train upon signal, was
negligent in walking to next station for lodging
along the railroad tracks, instead of traveling
the dirt or wagon road, held for the jury.

5. CARRIERS ☞265 — PASSENGERS — FAILURE
TO STOP TRAIN UPON SIGNAL—DUTY OF PAS-
SENGER.

Where train employés negligently failed to
stop train upon passenger's signal, it was pas-
senger's duty to exercise ordinary care and
prudence to prevent injury to himself as re-
sult of railroad's negligence.

6. TRIAL ☞139(1)—TAKING CASE FROM JURY
—EVIDENCE.

Where evidence is not so conclusive that
minds of ordinary intelligence would be of one
opinion, the matter should be submitted to the
jury.

Appeal from District Court, Navarro Coun-
ty; H. B. Daviss, Judge.

Action by John A. Nevill against the St.
Louis Southwestern Railway Company of
Texas.   Judgment for defendant, and plain-
tiff appeals.   Reversed and remanded.

Callicutt & Johnson, of Corsicana, for ap-
pellant.

E. B. Perkins, of Dallas, and Richard
Mays, of Corsicana, for appellee.

RAINEY, C. J.   Appellant sued appellee
to recover damages for personal injuries
caused from the negligence of appellee on
September 5, 1915.

"Appellant alleged:   That on said date he be-
came a passenger on appellee's train, from Ke-
rens to Corbet, Tex., having purchased a round-
trip ticket, and took the morning train on said
date from Kerens to Corbet, with the expecta-
tion of returning from Corbet to Kerens on the
night train, which train was due at Corbet at
about 10 o'clock p. m., Corbet being a flag sta-
tion, and on the night in question appellant in
due time went to the station at Corbet and sig-
naled the train, as it approached Corbet, to
stop, but the engineer and those in charge of
the train negligently failed and refused to stop
same, and went through Corbet at a very rap-
id rate of speed, so that he could not board
same.   That Corbet was a small village, had
no depot, but simply a shed for a station, had
no hotel or boarding house, and appellant had
no place where he could spend the night, and,
there being no other train due that night, he
was therefore compelled to walk to Corsicana,
a distance of about eight miles.   That appel-
lant had a ticket entitling him to transportation
on said train, and it was the duty of those in
charge of said train to stop same when signaled
so to do by appellant.   That appellant was a
man about 62 years old, not in very good health,
and the walk caused him great inconvenience,
and he suffered pain and illness as a result
therefrom."

The defendant answered by general de-
murrer, general denial, and specially pleaded
that plaintiff was guilty of contributory
negligence in walking to Corsicana, instead
of procuring lodging in Corbet for the night;
in failing to give proper signals on approach
of the train; and in walking the railroad
track instead of the dirt or wagon road from
Corbet to Corsicana.

Plaintiff denied each act of contributory
negligence as alleged, etc.

The case was submitted to a jury, and at
the conclusion of the evidence the court
gave the jury peremptory instructions to re-
turn a verdict for the "defendant," which
was done, and the plaintiff appeals.

Appellant's first assignment of error is:

"The court erred in instructing the jury to
return a verdict in favor of the defendant, be-
cause the evidence showed that the plaintiff
had a ticket entitling him to transportation on
defendant's train from Corbet to Kerens; that
he was at the station at Corbet and signaled
the train to stop; that said station was a flag
station, and the engineer and the operators in
charge of said train negligently failed to stop
same and did not permit plaintiff to board said
train, as he had the lawful right to do, and
the defendant owed him the duty of stopping so
that he could become a passenger thereon; and
that plaintiff suffered damages by reason there-
of, as alleged and proved, and the issue as to
whether or not the defendant company was neg-
ligent, and also the issue as to whether or not
the plaintiff had suffered damages, should have

been submitted to the jury for their determination, and the court should not, as a matter of law, have found that the defendant was not negligent and that the plaintiff had suffered no damages by reason of the negligence of the defendant."

And contends that—

"It was fundamental and reversible error for the trial court to peremptorily instruct the jury to find for appellee, the evidence of appellant and his witnesses clearly showing, in conformity with the allegations in his petition, that appellee was negligent in failing to stop its passenger train at Corbet so that appellant could become a passenger thereon, and that as a proximate and direct result of said negligence appellant, without fault on his part, suffered actual damages, as pleaded and proved by him."

[1, 2] We do not agree with appellant that the instruction is fundamental error, but we are of the opinion that the evidence is sufficient to raise the question of negligence of the part of the railway operatives in not stopping the train on the signal of appellant. If appellant had, as he claims, a round-trip ticket, he was entitled to transportation on that train; and, if the railway operatives were negligent in depriving appellant of an opportunity to board the train, appellee is liable for the injuries naturally resulting to appellant by reason of such negligence.

[3] The appellee contends that appellant was guilty of contributory negligence in not securing lodging at Corbet and staying there all night. There was evidence showing that appellant made two efforts to engage lodging at Corbet and failed. Whether such efforts were sufficient to relieve him of negligence was an issue that should have been submitted to the jury, and it was error in the court in not so doing.

[4] The appellee also contends that appellant was guilty of negligence in walking from Corbet to Corsicana along the railroad tracks, instead of traveling the dirt or wagon road between the two points. The evidence shows that appellant was a stranger at Corbet, unacquainted with the roads between the two places. The night was dark, and he testified that he could not see well, and he was afraid he would miss his way if he undertook to go over the dirt road to Corsicana. This testimony raised the issue of whether or not he was guilty of contributory negligence in traveling the railway track instead of the dirt road, and the court erred in not submitting it to the jury.

If under the facts, which were for the determination of the jury, appellee was not guilty of negligence in failing to stop the train for appellant to board it, appellant is not entitled to damages; however, if the railway company was guilty of negligence in not stopping the train, then appellant, if not guilty of contributory negligence and was injured was entitled to such damages as he suffered that naturally flowed from such negligence of appellee.

[5] Under the circumstances, it was incumbent upon appellant to exercise ordinary care and prudence to prevent injury to himself. If the jury found the railway company was guilty of negligence in not stopping its train for appellant, this court cannot say as a matter of law that the appellant was guilty of negligence in walking down appellee's railway track, but that this, together with all other propositions in the case, were questions for the determination of the jury.

[6] The evidence in the case was not so conclusively one way—that is, for the appellee—that minds of ordinary intelligence would be of one opinion, so that matter was for the jury's determination, and the court erred in not submitting it to the jury. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

The judgment is reversed, and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes