## EASTERN TEXAS ELECTRIC CO. v. REAGAN.  (No. 650.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 12, 1921.)

1. **Appeal and error ⬡⟾773(2)—Appeal not dismissed for failure to file brief in time, where appellee not injured.**

An appeal will not be dismissed for appellant's failure to file brief within time required by Rev. St. art. 2115, where it affirmatively appears that appellee was not injured thereby.

2. **Carriers ⬡⟾277(4)—Not liable for injuries to passenger walking to other station on failure of car to stop.**

Interurban railroad, which was negligent in not stopping its car for passenger at station in town containing a hotel, was not liable for injuries received by passenger in walking 10 miles to other town; such damages not being within the contemplation of the parties.

3. **Damages ⬡⟾62(1) — Passenger for whom car did not stop contributorily negligent in walking to other town.**

Where passenger, on failure of interurban car to stop for him at station at small town containing a hotel, without making an effort to secure lodging, walked 10 or 12 miles to other town, he was contributorily negligent, precluding him from recovering damages from railroad.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by C. H. Reagan against the Eastern Texas Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed, subject to filing of remittitur.

Orgain & Carroll, of Beaumont, for appellant.

C. W. Howth, of Beaumont, for appellee.

WALKER, J. [1] Appellee's motion to dismiss this appeal for the failure of appellant to file its brief herein within the time provided by law is denied. This cause was filed in this court on the 7th day of September, 1920. Appellant filed its brief with the clerk on the 6th day of January, and this cause was submitted before us on the 3d instant. Appellee filed this motion to dismiss on the 13th of January, and on the same day filed his brief. The statement of facts in this case consists of seven typewritten pages. Appellant's brief contains nine typewritten pages. It does not appear that appellee has suffered injury by the failure of appellant to file its brief within the time provided by article 2115, R. C. S., but rather it affirmatively appears he was not injured. S. A. & A. P. Railway Co. v. Holden, 93 Tex. 211, 54 S. W. 751; I. & G. N. Ry. Co. v. Walters, 161 S. W. 916; Danner v. Walker-Smith Co., 154 S. W. 295; Railway Co. v. Wood Bros., 147 S. W. 283.

---

⬡⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellee's cause of action is based on the following facts: On the evening of the 10th of December, 1919, he went from Beaumont to Nederland as a passenger on one of defendant's interurban cars, operating between Beaumont and Port Arthur. Nederland is 10 or 12 miles from Beaumont. His purpose was to call on a young lady living a short distance from Nederland. He was driven out to her home by a jitney driver, with whom he left directions to call·for him in time for the last Beaumont car, which passed through Nederland about 12:30 a. m. The driver called for him, but before getting him to the station the car broke down, and appellee walked a few blocks to the station. Under the facts, appellant was guilty of negligence in not stopping its car for appellee. He then walked from Nederland to Beaumont, without making any effort to secure lodging at Nederland. This was a small town, but contained a hotel, which was usually crowded, and was crowded that night. Because of the bad condition of the dirt road, he could not have reached Beaumont that way. Appellee testified:

"I was working in Beaumont at that time, and didn't want to miss work, or be late for work the next morning, so I set out to walk to Beaumont. It was about 10 miles from Nederland to Beaumont, and at times it was very dark as I walked along the interurban track, and it was cold and disagreeable. I walked along the best I could. I got chilled and took cold while walking, and fell and wrenched my ankle and sprained same. I had Dr. F. S. Martin to dress same early the next morning. I have not recovered yet from the cold I caught. It still affects my lungs, and I have never regained the strength I had prior to that night. I weigh a good deal less than I weighed prior to that time. The house where my girl lived was a three-room house and there were six people living there."

[2, 3] Under the charge of the court plaintiff recovered damages for the injury received by him in his walk to Beaumont that night. On the facts of this record we sustain appellant's assignment that such damages as suffered by appellee were not within the contemplation of the parties, and that he was guilty of contributory negligence in undertaking this walk. Railway Co. v. Addison, 100 Tex. 241, 97 S. W. 1037, 8 L. R. A. (N. S.) 880; Railway Co. v. Cole, 66 Tex. 562, 1 S. W. 629; Railway Co. v. Thomas, 27 S. W. 419; Railway Co. v. Cleveland, 33 S. W. 687; Cook v. Railway Co., 160 S. W. 123; Railway Co. v. Fleming, 14 Lea (Tenn.) 128; Railway Co. v. Birney, 71 Ill. 391.

Appellee cites the following authorities as sustaining his position: Nevill v. Railway Co., 211 S. W. 523; Railway Co. v. Foster, 46 Tex. Civ. App. 517, 103 S. W. 194; Fenlon v. Railway .Co., 99 Wash. 289, 169 Pac. 863; Railway Co. v. Pruett, 200 Ala. 675, 77 South. 49; Railway Co. v. Gentry, 197 S. W. 482; Railway Co. v. Thorn, 197 S. W. 778. As we construe these authorities, they sustain the proposition of law we have just announced. In the Nevill Case the court held that he raised an issue in his favor against contributory negligence by making two efforts to secure lodging before taking the walk. Appellee was under no pressing necessity to reach Beaumont that night. By taking an early morning car from Nederland, so far as this record shows, he could have reached Beaumont in time for his work.

Appellant insists that it is not liable for anything except nominal damages, and suggests $15 as a proper recovery. We agree with appellant on this statement of the law, but suggest $25. If appellee will file a remittitur within 15 days' from the date of this judgment, reducing his recovery to $25, the case will be affirmed. Otherwise, it will be reversed and remanded, to be tried under the principles announced in Railway Co. v. Addison, 100 Tex. 241, 97 S. W. 1037, 8 L. R. A. (N. S.) 880.

The requisite remittitur · having been filed, judgment for $25 was on March 3, 1921, affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes