## STANDARD ACC. INS. CO. v. SIMPSON.
### (No. 8238.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 16, 1929.

Eskridge & Groce, of San Antonio, for appellant.

P. H. Long and R. B. Russell, both of San Antonio, for appellee.

### On Motion to Dismiss Brief.

COBBS, J. This is an appeal from a judgment in favor of appellee against appellant for full recovery for total permanent disability under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), ordering a lump sum compensation.

The statement of facts was filed in this court on May 2, 1929. The appellant filed his brief herein on September 12, 1929, more than four months after the record of this case was filed.

Appellee alleges that, on account of the inexcusable delay of appellant in filing his brief, his attorneys have not sufficient time for the preparation of their reply brief.

Article 2283, R. S., requires: "Not less than five days before the time of filing the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the trial court a copy of his brief, which he shall deposit with the papers of the cause, with the date of filing indorsed thereon; and he shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and four copies with the clerk of the Court of Civil Appeals."

There is nothing filed herein to excuse the appellant's delay in filing the brief. S. A. & A. P. Ry. Co. v. Brock (Tex. Civ. App.) 77 S. W. 953. Of course, an appeal will not ordinarily be dismissed when it affirmatively appears that appellee was not injured thereby. E. Tex. Electric Co. v. Reagan (Tex. Civ. App.) 228 S. W. 366.

Appellee does not ask a dismissal of the appeal, but a dismissal of the brief. In such a case we are required, because no injury is specifically shown, to examine the record for fundamental error. The holding of our courts seems to be of the same effect, that is, where no injury is shown the appeal will not be dismissed, yet we are required to consider the record for fundamental error. When appellant's brief is dismissed, a burden is placed on the courts to examine the record

without any assistance, which is very hard. I am merely stating the writer's opinion, in which my Associates are in no wise bound.

■ We have concluded not to grant the motion to dismiss the brief under the circumstances, but will consider the same. Ample time was given appellee to file a brief, and therefore no injury has resulted to him. Besides, we have advised counsel they should have ample time to file reply, but they have not availed themselves of the privilege.

■ We think the court erred in refusing to submit special issue No. 1, requested by defendant, to the jury: "Was plaintiff's falling into the fire which burned him due solely to a fit of epilepsy?" For the defendant had affirmatively pleaded that said injuries were occasioned solely by infirmities from which plaintiff was suffering, and were not produced by his employment. We think appellant was entitled to an affirmative submission of the pleaded defense.

■ And again the court erred in refusing to submit the special issue No. 2, submitted by the defendant: "Is the plaintiff at this time physically able to perform the same character of labor that he was able to perform prior to his alleged accident, alleged by him to have occurred on the same day of March, 1927?" The plaintiff contended as the result of the injuries he was not able to get about as well as he could before the injuries.

On the day upon which plaintiff sustained the injuries he reported to the hospital that he was seized with an attack of epilepsy and fell over a fire pot. In giving notice of injury to the trial accident board he claimed he was burned by a fire he built to keep himself warm, not mentioning a fall. At another time he asserted that his clothing was ignited by the fire, and that, in his excitement and effort to extinguish the fire from his clothing, he fell on the concrete floor and came in contact with the fire. It was proven that on the date of the alleged injury the stairway had been removed, and that the floor in front was not paved with concrete but with wood, and hence the finding of the jury was contrary to the evidence.

The evidence was to the effect that plaintiff's right arm was not injured; nor his left arm; nor was his left leg; nor was any portion of his body injured in said accident except by reason of the burns on the right leg above the knee and ankle, which caused him inconvenience and discomfort in the region of the scar on his abdomen, caused in taking skin therefrom to graft upon his burnt leg, which caused a claimed impediment in movement of his body.

In answering, the jury disregarded the testimony of plaintiff's own doctor. The disability sustained consisted only of difficulty he would have in curing any subsequent traumatic injury that he might receive from the burnt area. There was no injury of adhesion, and plaintiff had the same use of the burnt leg as he had before the injury, and the evidence indicates that he suffered no injury to any portion of his body, other than to his leg.

The jury answered that no part of Simpson's capacity was impaired before his injury, when it was shown to the contrary by the testimony.

The jury's answer to special issue No. 5, as to permanent partial incapacity, is in conflict with their answer to No. 4, wherein they found plaintiff sustained a permanent total incapacity.

It was error in the jury's answer to special issue No. 5 that no part of his present incapacity existed before plaintiff's injury. For many years the plaintiff lived with his relatives, presumably on account of his inability to support himself.

■ No testimony is in this record showing that Edwin Simpson had presented a special case authorizing the court to decree him compensation in a lump sum, and in so doing the court has committed error.

We have commented somewhat on the evidence, because the court erred in not submitting appellant's affirmative issues. We have not overlooked the law that we are bound by jury findings when the issues of both sides have been submitted and found by them. The error in this case largely is, as shown, that the court refused to submit appellant's issues which he was entitled to have a jury finding upon.

For the errors shown, committed the judgment of the trial court is reversed, and the cause remanded for another trial.